SYDNOR PUMP AND WELL CO. v. ROCKY MOUNT ICE CO.

(Decided October 24, 1899.)

*Nonsuit—Counterclaim—Practice.*

1. When a nonsuit has been entered, it is too late to file a supplemental answer containing a counterclaim, and the Court properly ordered it to be stricken out.

2. A counterclaim is simply a cross action in the pending action of the other party, and when well pleaded, deprives the plaintiff from taking a nonsuit, where the counterclaim grows out of the same cause of action stated in the complaint.

3. Where there is no action pending, there can be no counterclaim pleaded.

CIVIL ACTION determined before *Hoke, J.,* at Spring Term, 1899, of the Superior Court of EDGECOMBE County.

The complaint demanded the payment of $3,970.16 for digging a well 500 feet deep, at Rocky Mount, under contract with defendant, and alleging the insolvency of defendant, asked for a restraining order and appointment of a receiver.

An answer was filed controverting the demand of the plaintiff, and intimating that a further answer would be filed, demanding affirmative relief.

A preliminary hearing was had before his Honor as to the auxiliary remedies asked for in the complaint, and after argument on both sides his Honor dissolved the restraining order, and refused to appoint a receiver, and taxed the plaintiff with the costs of the application. Thereupon, the plaintiff submitted to a judgment of nonsuit, which was also signed by his Honor.

Subsequently, during the same term, and in open court, but without bringing the matter to the attention of the Judge, the defendant filed a supplemental answer, containing a counterclaim. His Honor, upon being informed of it, ordered the supplemental answer to be stricken out; from which order the defendant appealed to the Supreme Court.

*Messrs. Gilliam & Gilliam,* for defendant (appellant).
*Mr. Jacob Battle,* for plaintiff.

FAIRCLOTH, C. J.   This action is upon a contract to sink a well on defendant's land, and the complaint and answer were filed in January and February, 1899. The plaintiff obtained a restraining order which was heard at April Term, 1899, when it was dissolved, and at the same term the plaintiff moved for a receiver, and that motion was refused. On Saturday of the first week of said term, the plaintiff took a nonsuit, which was entered of record. On the same day, after the nonsuit was entered, the defendant filed another

answer, with the Clerk of the Court, in which he set up a counterclaim against the plaintiff, without permission of the Judge or notice to him. His Honor, on motion, thereupon ordered said answer to be stricken out, finding as a fact that there was no action pending when the answer was filed. The defendant excepted to said order, also to the judgment of non-suit, and appealed.

A counterclaim is simply a cross action in the pending action of the other party, and, when well pleaded, it deprives the latter from taking a nonsuit, where the counterclaim grows out of the same cause of action stated in the complaint. This was held in *Whedbee v. Leggett,* 92 N. C., 469, and cases there cited.

But where, as a matter of fact, no action was pending between the parties, the counterclaim could not be pleaded, and the second answer filed was properly stricken out.

It has been suggested that the whole matter was *in fieri* during the term, and that the Judge had the power in his discretion to set aside the judgment of nonsuit and leave the plaintiff still in court. If that be conceded, unfortunately for the defendant, he did not do so, and the defendant had no right to demand that it be done.

The difference between a counterclaim and a demand for affirmative relief was pointed out in *Rumbough v. Young,* 119 N. C., 567.

Affirmed.