COUNTY OF CARTERET v. SIMMONS CONSTRUCTION
CORPORATION ET AL.

(Filed 24 September, 1930.)

**Pleadings F a—Motion for bill of particulars is addressed to sound discretion of trial court.**

A motion for a bill of particulars is addressed to the inherent general power of the trial court to regulate the conduct of trials, and when fairly exercised is not appealable.

APPEAL by defendants from *Nunn, J.,* at March Term, 1930, of CARTERET.

Civil action for damages.

Motion by defendants for bill of particulars; allowed in part and denied in part.

Defendants appeal, assigning errors.

*E. H. Gorham, Guion & Guion and McLendon & Hedrick for plaintiff.*

*Moore & Dunn and J. F. Duncan for Simmons Construction Corporation and Floyd M. Simmons.*

*J. F. Duncan, C. R. Wheatly and Luther Hamilton for G. W. Huntley and George Brooks.*

*C. R. Wheatly and Ward & Ward for C. K. Howe and W. L. Stancil, defendants.*

PER CURIAM. The record discloses no action on the part of the trial court of which the defendants can justly complain.

The pertinent rule is stated in 49 C. J., 625, as follows:

"It is a matter for the sound discretion of the court whether under the circumstances of the case a demand for a bill of particulars should be granted or refused. This power of the court exists by virtue of its general power to regulate the conduct of trials, and it is incident to its general authority in the administration of justice. It is the same power in kind that courts have to grant a new trial on the ground of surprise."

Our own decisions are to the same effect: *Power Co. v. Elizabeth City,* 188 N. C., 278, 124 S. E., 611; *Townsend v. Williams,* 117 N. C., 330, 23 S. E., 461.

Affirmed.