## C. B. TOWNSEND v. GEORGE W. WILLIAMS.

*Bank Directors, Duties of—Liability for Deposits of Customers—Bill of Particulars, When Ordered.*

1. While directors of a corporation are not insurers or guarantors and therefore liable for its debts, yet they are trustees and liable as such for losses attributable to their bad faith, misconduct or want of care.

2. Where a complaint stated that the plaintiff, having funds deposited in a bank, in consequence of rumors of its embarassment went to withdraw his deposit but was assured of its entire solvency by the defendant, vice-president and director of the bank, who said to him "we have all the money you want, you need never have any fears of this bank as long as I am in it"; and, relying upon such representations, plaintiff allowed his deposit to remain until the bank failed and the bank was, in fact, insolvent at the time such representations were made; *Held*, that the complaint stated a cause of action and defendant is liable personally to the plaintiff for the loss incurred by him by the failure of the bank.

3. While the allowance of a motion for a bill of particulars under Section 259 of *The Code* rests in the trial Judge's discretion, the exercise of which is not reviewable, yet such motions should be liberally allowed when made in apt time, so as not to cause delay, unless clearly useless or merely for the purpose of annoyance.

CIVIL ACTION heard on demurrer to complaint and motion for bill of particulars, before *Brown, J.*, at April Special Term, 1895.

The complaint was as follows:

"1. That, at the times hereinafter named, the defendant was Vice-President and a Director of the Bank of New Hanover, of Wilmington, N. C., as he is informed and believes, which said bank was a corporation, duly created by the laws of North Carolina.

"2. That, at the times hereinafter mentioned, the plaintiff was Clerk of the Superoir Court of Robeson county and

as such clerk had on deposit various sums of money in said bank, which was then, and continued to be until the 19th day of June, 1893, a banking concern and doing a general banking business in the city of Wilmington, N. C.

"3. That, on or about the_____day of Febuary, 1892, plaintiff had to his credit on deposit in said bank of New Hanover, of Wilmington, N. C., as Clerk Superior Court, a considerable amount of money, and hearing rumors questioning the solvency and safety of said bank he immediately went to Wilmington for the purpose of seeing the defendant, and inquiring as to the truthfulness of said rumors, and, if said rumors were well founded, with the intention of withdrawing any deposits that he had in said bank; and at this time in the city of Wilmington, plaintiff enquired of defendant into the condition and solvency of said bank, and was informed by him that said bank was perfectly solvent and in no danger of failure or suspension, defendant saying to the plaintiff, 'We've got all the money you want, you need never have any fears of this bank as long as I am in it.' That, relying on these statements and representations of defendant, the plaintiff left said money on deposit in said bank, and relying on said statements and representations, continued to make further deposits from time to time, until the failure of the bank herein mentioned.

"4. That said bank was, on the 19th day of June, 1893, placed in the hands of a Receiver by order of the Superior Court of New Hanover county, and was at the time of the representations aforesaid, and is now, utterly insolvent, as the plaintiff is informed and believes.

"5. That, further complaining, the plaintiff avers that, at the time of said representations and statements by defendant, the said corporation was utterly insolvent, and that same was well known, or ought to have been known

to defendant; and that said representations so made by defendant, by which plaintiff was damaged and incurred the loss of said money, were false and fraudulent and defendant, as plaintiff is informed and believes, well knew, or ought to have known, the same to be so at the time and before the representations and statements were made.

"6. That the defendant was, on the ____day of____, 1892, and since that time, up to the failure of said bank, a director and Vice-President thereof, and knew, or ought to have known, the condition of its affairs and assets, and omitted, negligently and carelessly failed and refused, to inform plaintiff thereof, well knowing at the time of the statements and representations aforesaid, that the said bank was insolvent and unable to pay its debts, as the plaintiff is informed and believes.

"7. That at the time of the failure of said bank, on the 19th of June, 1893, the plaintiff had to his credit on deposit in said bank, the sum of two thousand two hundred and sixty-three dollars and ninety-three cents, and by his reliance on said representations and statements, plaintiff was damaged to the amount of two thousand two hundred and sixty-three dollars and ninety-three cents:

"Wherefore, plaintiff demands judgment against the defendant—

"1. For the sum of two thousand two hundred and sixty-three dollars and ninety-three cents, with interest thereon from June 19, 1893, less 20 per cent. dividends paid by the Receiver of said Bank.

"2. For costs, and such other and further relief as to the Court may seem just and proper."

The defendant demurred to the complaint, upon the following grounds:

"I. That plaintiff has not set forth in his complaint any facts constituting a cause of action in his favor, as Clerk of

the Superior Court of Robeson County, against this defendant, and that, upon the facts alleged, he is not entitled to recover, as Clerk of the Superior Court, any damages of the defendant.

"II. That plaintiff does not allege in his complaint that he informed or notified defendant of his alleged intention to withraw his deposit, nor that defendant did in fact know of said alleged purpose or intention.

"III. That plaintiff does not allege that defendant intended, by his alleged false statements to plaintiff as to the condition of the bank, to induce plaintiff to keep his deposits in the said bank.

"IV. That plaintiff does not allege that defendant intended, by his alleged statements as to the condition of the bank, to deceive the plaintiff or induce him to make further or other deposits in said bank.

"V. That plaintiff has not alleged that, at the time of the alleged statements or representations as to the condition of the bank, the defendant actually knew of the insolvency of the bank; but merely that defendant knew, or should have known, of the said alleged insolvency.

"VI. That plaintiff alleges said representations to have been false and fraudulent, without setting forth facts sufficient to constitute the fraud.

"VII. That plaintiff has not alleged that, before this action was commenced, he made any demand upon defendant for the amount of his alleged deposit, or for the amount of his damage.

"VIII. That plaintiff does not allege that he has made any demand upon the said bank, or upon its Receiver, for the amount of his alleged deposit, or any part thereof; or that he has taken any action to recover the same of said bank or its Receiver.

"IX. That plaintiff has united and blended in his complaint a cause of action; defectively stated, for a fraud or deceit, with a cause of action founded upon defendant's negligence.

"X. Cause of action for a tort, with a cause of action for breach of contract."

The defendant moved that the plaintiff be required to make his complaint more definite and certain, in the following particulars :

"I That plaintiff be required to set forth, in section 2d of the complaint, the amount of the various deposits he had in the Bank of New Hanover, and the times at which said deposits were there.

"II. That plaintiff be required to set forth, in section 3d of the complaint, the day in February, 1892, on which plaintiff alleges he had a considerable sum of money deposited in said bank, and the amount of said deposit, it being also the day on which he alleges that his conversation with plaintiff occurred ; and that plaintiff set forth also the amount of deposits made by him after said alleged day in February, 1892, giving the amount of each deposit and the date of each.

"III. That plaintiff be required to set forth in the 5th section of his complaint, whether the fact of insolvency of the said bank, which he alleges existed on the said day in February, 1892, 'was well known to defendant,' or whether defendant merely ought to have known it and not merely indefinitely and alternatively, as he has done ; that defendant 'well knew or ought to have known of the said insolvency,' and whether defendant knew or merely ought to have known that his alleged representations to the plaintiff were false and fraudulent, and not indefinitely and alternatively ; that defendant knew or should have known

of the falsity and fraudulency of said alleged representations.

"IV. That plaintiff be required to allege, in the 6th section  of the complaint, whether defendant knew, or merely ought to have known, of the condition of the affairs and assets of said bank, and the plaintiff be required to set forth the date referred to in said section.

"V. That plaintiff be required to be specific and definite in all his allegations as to defendant's actual knowledge of the facts alleged in the complaint,"

The demurrer and motion were overruled and the defendant appealed.

*Messrs. McNeill & McLean,* for plaintiff.
*Messrs. Burwell, Walker & Cansler,* for defendant (appellant).

CLARK, J.: The demurrer admits that the plaintiff was a depositor in the bank of which the defendant was Vice-President; that, hearing rumors questioning the solvency and safety of the bank, the plaintiff went to Wilmington in February, 1892, with the intention of withdrawing his deposits, but was informed by the defendant, the Vice-President and a director in said bank, that the bank was perfectly solvent, and in no danger of suspension or failure, saying to the plaintiff, "We've got all the money you want, you need never have any fears of this bank as long as I am in it," and that, relying ·on such representations the plaintiff permitted his deposit to remain and continued to make deposits therein till the bank failed in June, 1893. The demurrer further admits that the bank was in fact utterly insolvent when the above representations were made to him in February, 1892, by the defendant, and that this fact was at that time well known to the defendant, or

ought to have been, and that said representations were false and fraudulent.

The bare statement of the material facts admitted by the demurrer shows that a cause of action was sufficiently stated. The grounds of objection set out in the demurrer do not affect the plaintiff's right to recover.

Without citing the numerous cases referred to in the argument, bearing more or less upon the matter at issue, we think the following summary from *Shea* v. *Mabry*, 1 Lea (Tenn.) 319, 342, is a correct statement of the law: "Directors are not mere figure heads of a corporation. They are trustees for the company, for the stockholders, for the creditors and for the State. They must not only use good faith, but also care, attention and circumspection in the affairs of the corporation, and particularly in the safe keeping and disbursement of the funds committed to their custody and control. They must see that these funds are appropriated as intended for the purposes of the trust, and, if they misappropriate them or allow others to divert them from those purposes, they must answer for it to their *cestuis que trust.*"

We would not be misunderstood as holding in anywise that the directors of a corporation are insurers or guarantors and therefore liable for the debts of their corporation. But they are trustees and liable as such for losses attributable to their bad faith, misconduct or want of care. They are to direct and supervise the trust confided to them and are not mere figure heads. It was, therefore, immaterial whether the defendant, being Vice-President and director, knew that the bank was totally insolvent in February, 1892, when he represented to the plaintiff that it was entirely solvent. He ought to have known. It was his business to know. The plaintiff had a right to rely upon his representations and, it being admitted that rely-

ing thereon the plaintiff permitted his deposit to remain and has suffered loss, the plaintiff is entitled to recover, as damages, the loss thereby sustained, unless the defendant, choosing to answer over, shall set up valid matter in defense to defeat, or reduce, the amount of plaintiff's demand.

The motion for a bill of particulars under *The Code*, Section 259, rests in the discretion of the presiding Judge and its grant or refusal is not reviewable. *State* v. *Bryant*, 111 N. C., 693. The words of the Section (259) are "The court *may*, in all cases, order a bill of particulars." While it is discretionary, we think such motions should be liberally allowed by trial courts, when made in time to avoid any delay in the trial, unless clearly useless or merely for the purposes of annoyance. As stated in *State* v. *Brady*, 107 N. C., 822, *Wiggins* v. *Guthrie*, 101 N. C. 661, such motions should be made in apt time. As its refusal was a matter of discretion and, therefore, not *res judicata*, it is open to the Judge below in his discretion to grant the motion now if renewed in time to avoid delay in the trial. This. however, will not authorize a demurrer to the bill of particulars, whose sufficiency or insufficiency rests with the presiding Judge. Clark's Code (2nd. Ed.) p. 205. The remedy, if the bill of particulars is defective, is by an application to the court to order a more definite bill.

No Error.