H. J. HARDIN ET AL. v. MATTIE J. GREENE, ADMINISTRATRIX OF L. L. GREENE, ET ALS.

(Filed 10 December, 1913.)

1. Limitation of Actions—Judgments—Pleadings.

Where judgment is rendered in the Superior Court upon judgments theretofore rendered, the statute of limitations as to the prior judgments should have been pleaded in the later action, if available, and it will begin to run only from the date of the last judgment.

2. Trials—Pleadings—Extension of Time—Further Orders—Court's Discretion—Limitation of Actions.

It is not within the discretion of the trial judge to order stricken out a part of an amended pleading simply because the statute of limitations was pleaded in it when the judge holding a former term of the court has unconditionally allowed the pleader further time in which to file the amended answer.

ALLEN, J., dissenting.

APPEAL by defendant from *Daniels, J.,* at April Term, 1913, of WATAUGA.

Civil action tried upon these issues:

1. In what amount, if any, is the defendant Mattie J. Greene, administratrix, indebted to the plaintiff H. J. Hardin? Answer: $2,000, with interest on $1,500 from 4 August, 1902.

2. In what amount, if anything, is defendant M. J. Greene, administratrix, indebted to plaintiff A. W. Beach, administrator? Answer: $479.63, with interest from 2 May, 1892.

3. In what amount, if anything, is defendant M. J. Greene, administratrix, indebted to plaintiff M. N. Horton, administrator? Answer: Nothing.

4. Is the debt of the plaintiff H. J. Hardin barred by the statute of limitations? Answer: No.

· 5. Is the debt of M. N. Horton, administrator, barred by the statute of limitations? Answer: No.

From the judgment rendered, the defendant appealed.

*L. D. Lowe for plaintiff.*
*F. A. Linney, T. A. Love for defendant.*

BROWN, J. This is an action in the nature of a creditor's bill, brought to collect certain judgments set out in the record against the defendant's intestate in favor of H. J. Hardin, and A. W. Beach, administrator of John Ragan.

The assignments of error relate largely to the statute of limitations.

The judgment upon which plaintiff Hardin sues was rendered Fall Term, 1902, upon a number of small judgments against L. L. Greene in favor of W. T. Hayes and others. It is admitted that the judgment was duly assigned to plaintiff Hardin.

As the summons in this action was issued on 27 June, 1910, less than eight years have elapsed from the time of the rendition of the judgment until this action was commenced. We are unable, therefore, to see anything upon which to found the plea of the statute as to that judgment.

It is immaterial whether the small judgments upon which this judgment was rendered at Fall Term, 1902, were barred or not. The statute should have been pleaded as to them in that action. The matters determined by the judgment at Fall Term, 1902, cannot now be considered. They are foreclosed by that decree.

We find no error as to the rulings of the court in respect to the Hardin judgment, and the judgment of the court in that particular is affirmed.

The defendant assigns error for that his Honor signed the order striking out defendants' amended answer in so far as it affected the plaintiff A. W. Beach, administrator. The order is as follows:

This cause coming on for trial, and the defendants, in answer to the complaint, read an amended answer setting up the statute of limitations, which was filed at Fall Term, 1912, under an

order made by his Honor, Judge Biggs, at Fall Term, 1911, permitting the defendants to file an amended answer, and it appearing to the court that in the original answer no plea of the statute of limitations has been pleaded, and at the time of making the said order there was no suggestion made that it was the purpose of the defendants to set up such plea in the amended answer authorized by said order, and it appearing to the court that neither the interpleader, A. W. Beach, nor his attorney, had notice that such plea was to be pleaded and set up until the pleadings were read at this term:

It is, therefore, on motion of E. F. Lovill, attorney for the interpleader, ordered by the court that such plea of the statute of limitations, so far as said plea would affect the interpleader, be stricken out, and to which said order the defendant excepted.

(Signed)  F. A. DANIELS,
*Judge Presiding.*

There was error in making this order. An unconditional and unrestricted right to file an amended answer had been granted by Judge Biggs, and the amended answer filed in pursuance of such order.

Judge Biggs had plenary power to make such order, and his successor at a subsequent term had no right to set it aside because in such amended answer the defendant set up the statute of limitations. Such plea is not immoral, and under the terms of the order the defendant has as much right to set it up as any other plea. *Smith v. Smith,* 123 N. C., 233; *Wilson v. Pearson,* 102 N. C., 306.

So much of the judgment as relates to the cause of action of Beach, administrator of Ragan, is set aside.

The costs of this appeal will be paid by A. W. Beach, administrator of John Ragan.

Partial new trial.

ALLEN, J., dissenting: I do not agree to the part of the opinion of the Court holding that there was error in striking out the plea of the statute of limitations in the amended answer. The judgment of his Honor is presumed to be correct (*Commis-*

*sioners v. Gill,* 126 N. C., 87), and if the law vested him with discretion in the matter, he is presumed to have exercised it. *Pelletier v. Lumber Co.,* 123 N. C.; 601; *Balk v. Harris,* 130 N. C., 381. The order of Judge Biggs allowing an amended answer to be filed was made at the Fall Term, 1911, and the answer was not filed until the Fall Term, 1912, more than one term of court having intervened between the making of the order and the filing of the answer. In *Sheek v. Sain,* 127 N. C., 271, the Court says: "It is well settled that the court has the right to give further time to parties to plead. But this extension of time is within certain limits and cannot extend beyond the next term of court, unless by the consent of the parties. To attempt to give further time than this would be to trench upon the prerogative of the judge succeeding him." It does not appear from the record that the parties consented to any extension of time beyond the next term of court after Judge Biggs made his order, or that any leave was obtained to file the answer after it was prepared, and upon the authorities cited it would seem that the right to answer had expired and that it was then discretionary with the judge to permit it to remain on the files or strike it out, and that he is presumed to have exercised this discretion. His Honor was doubtless influenced in his action by the fact that there had been a former suit between the parties, which was dismissed because of an effort to settle and compromise and under an agreement that the statute of limitations would not be pleaded.