M. E. GRUBER ET AL. v. E. W. EWBANKS, TRUSTEE, ET AL.

(Filed 20 August, 1930.)

1. **Judgments F c—Defendant may not move for judgment on counterclaim, after final judgment, pending motion for judgment on injunction bond.**

Where the plaintiff brings suit to enjoin the defendant from foreclosing upon a mortgage or deed of trust, and the defendant sets up as a counterclaim the notes secured by the mortgage, and the temporary order is continued to the final hearing upon the plaintiff's filing bond, and upon the trial of the action the defendant's motion as of nonsuit is allowed and the judgment affirmed on appeal, defendant's motion for judgment on the counterclaim, made for the first time after the final judgment, and while the action was pending only for the purpose of ascertaining the damages which the defendant had sustained by reason of the issuance of the restraining orders, is properly refused, the defendant by moving for judgment as of nonsuit and by failing at that time to move for judgment on his counterclaim having waived his right, if any, to such judgment, his motion as of nonsuit operating in effect as a voluntary nonsuit on the counterclaim.

2. **Injunctions H b—Recovery may not be had on injunction bond for items of damage not set out in bill of particulars.**

Where an injunction restraining the defendant from selling certain land under foreclosure proceedings has been continued to the final hearing upon the plaintiff's filing bond, and at the hearing the action is dismissed, upon the defendant's motion for judgment for damages sustained by reason of the issuance of the restraining orders, the defendant having filed a bill of particulars by order of court setting out the items of damages claimed by him : *Held*, the defendant is confined to the items set out in his bill of particulars and may not recover as a part of his damages the rental value of the lands when he has failed to include such rental value in his bill of particulars as an item of damage claimed by him.

3. **Injunctions H a—Measure of damages recoverable against injunction bond.**

Where a temporary order restraining the defendant from selling certain land under foreclosure proceedings has been continued to the final hearing upon the plaintiff filing bond as required by C. S., 854, and the injunction is finally dissolved, the measure of damages recoverable on the injunction bond is the loss sustained by the defendant by reason of the issuance of the restraining orders not exceeding the penal sum of the bond, which is ordinarily the depreciation, if any, in the value of the property from the date of the issuance of the injunction to the date of its dissolution, but if the value of the property at the date of the issuance of the injunction is insufficient to pay the amount of the debt secured by the mortgage, and there has been no depreciation in the value of the property, the measure of damages is the amount of interest on the debt accrued during the time the injunction is in force and not paid from the proceeds of the sale or otherwise. C. S., 854.

APPEAL by both plaintiffs and defendants from *Schenck, J.,* 7 December, 1929. From HENDERSON. Reversed and remanded.

This action was begun on 29 February, 1928. On the allegations of the complaint, plaintiffs prayed judgment that defendants be enjoined from selling the land described therein under the power of sale contained in a deed of trust executed by the plaintiff, M. E. Gruber, to the defendant, E. W. Ewbanks, trustee. This deed of trust was executed by the plaintiff to secure the payment of certain notes now held by the defendant, Lucille L. Seigling, executrix of R. C. Seigling, deceased. The consideration for said notes was the balance of the purchase price for said land, which was sold and conveyed by R. C. Seigling to the plaintiff, M. E. Gruber. Plaintiffs also prayed for judgment that the transaction resulting in the said conveyance be rescinded; that they recover of the defendant, Lucille L. Seigling, executrix, the amounts paid on the purchase price for said land and that the said notes be canceled and delivered to the plaintiffs.

Orders restraining the sale of the said land, issued on motion of the plaintiffs, were continued to the final hearing. Bonds were executed by the plaintiffs and their sureties, and filed as required by the judge in accordance with the provisions of C. S., 854.

Defendants in their answer denied the material allegations of the complaint. In further defense of plaintiffs' action, defendants alleged certain facts upon which they contended that plaintiffs are estopped from maintaining this action. They prayed judgment that the restraining orders issued in the action be dissolved; that they recover of the plaintiffs the sum of $100,000, the amount of the notes described in the complaint, with accrued interest, and that they have such other and further relief as the court should find that they are entitled to.

The action was tried at November Term, 1928, of the Superior Court of Henderson County. At the close of the evidence for plaintiffs, on motion of defendants, the action was dismissed by judgment as of nonsuit. C. S., 567. Defendants did not move at the trial for judgment on the notes, or for any other affirmative relief. Plaintiffs' appeal from the judgment was heard at the Spring Term, 1929, of the Supreme Court. The judgment was affirmed, 197 N. C., 280, 148 S. E., 246.

After the judgment of the Supreme Court had been certified to the Superior Court of Henderson County and after notice to plaintiffs, defendants moved for judgment (1) that they recover of the plaintiffs the sum of $100,000, the amount of the notes described in the complaint, with accrued interest, less the sum of $50,000, realized from the sale of the land described in the deed of trust, under the power of sale contained therein, which had been applied as a credit on said notes; and (2) that they recover of the plaintiffs and the sureties on the injunc-

tion bonds filed in the action, the damages which they had sustained by reason of the issuance of the restraining orders, which had been dissolved by the final judgment in the action.

Upon the hearing of these motions, the motion for judgment on the notes was denied. Defendants excepted to the denial by the court of their motion, and on their appeal to the Supreme Court assign such denial as error.

Prior to the hearing of the motion for judgment for the damages resulting from the issuance of the restraining orders, plaintiffs moved that defendants be required to file a bill of particulars, setting forth in detail each and all of the items of damages claimed by defendants. This motion was allowed, and in obedience to the order of the court, defendants filed a bill of particulars in which they set out in detail the several items of damages claimed by them. None of these items was for the rental value of the land from the date of the issuance of the first restraining order to the date of the final judgment.

At the hearing of defendants' motion, the court found that the reasonable rental value of the land described in the complaint, during the time defendants were restrained and enjoined from selling the same under the power of sale in the deed of trust, was $2,000; and that defendants had expended the sum of $36.90 in readvertising the land for sale, after the final judgment by which the restraining orders were dissolved. The court was of opinion, and so held, that defendants were not entitled to recover as damages other items set out in the bill of particulars. These items were the interest on the notes which accrued while defendants were enjoined from selling the land, and the amount paid out by defendants on account of witnesses who had attended the trial, and who were nonresidents of this State.

From judgment that defendants recover of the plaintiffs and their sureties the sum of $2,036.90, as damages resulting from the issuance of the restraining orders, both plaintiffs and their sureties, and defendants appealed to the Supreme Court.

*Arledge & Taylor for plaintiffs and their sureties.*
*Buist & Buist and Ewbank, Whitmire & Weeks for defendants.*

CONNOR, J. There was no error in the denial of defendants' motion for judgment on the notes described in the complaint. This motion was made for the first time after the action had been dismissed by final judgment, and after said judgment had been affirmed on plaintiff's appeal, by this Court. The action was not pending, at the time the motion was made in the Superior Court of Henderson County, except for the purpose of ascertaining the damages which defendants had sustained by reason of

the issuance of the restraining orders, and the continuance of said orders to the final hearing. C. S., 855; *Well Co. v. Ice Co.,* 125 N. C., 80, 34 S. E., 198. Even if it be conceded that the allegations in the further defense of defendants' answer, are sufficient to constitute a counterclaim, upon which defendants would have been entitled to judgment at the trial of the action, when defendants, at the close of the evidence for the plaintiffs, moved for judgment dismissing the action as of nonsuit, C. S., 567, and failed at that time to move for judgment on the notes, or for other affirmative relief, they waived their right, if any, to such judgment, and in effect submitted to a voluntary nonsuit on their counterclaim. It was too late, after the action had been dismissed on their motion, to move at a subsequent term of the court, for judgment on their alleged counterclaim, or cross-action. After the judgment dissolving the restraining orders and dismissing the action had been rendered, defendants sold the land under the power of sale in the deed of trust. This was a recognition by defendants that the action was no longer pending for the purpose of affording relief to either plaintiffs or defendants upon any cause of action alleged either in the complaint or in the answer.

There is error in the judgment that defendants recover of plaintiffs and the sureties on their injunction bonds the rental value of the land described in the complaint, for the period during which defendants were enjoined and restrained from selling said land under the power of sale in the deed of trust. Defendants did not include such rental value as an item of the damages claimed by them, in their bill of particulars. It was error, therefore, for the court to hear and consider evidence offered by defendants over the objections of plaintiffs, as to such rental value. The court, in its discretion *(Townsend v. Williams,* 117 N. C., 330, 23 S. E., 461) had allowed plaintiffs' motion that defendants be required to file a bill of particulars. C. S., 534. When in obedience to the order of the court, defendants had filed their bill of particulars, they should have been confined, at the hearing, to the items of damage set out therein. It has been so held by this Court with respect to evidence offered by the State at the trial of a criminal action, where upon motion of the defendant and in obedience to the order of the court, the solicitor for the State had filed a bill of particulars, prior to the trial. *S. v. Wadford,* 194 N. C., 336, 139 S. E., 608. The rationale of this holding is applicable to evidence offered at the trial of a civil action, where on motion of one of the parties, the other party has filed a bill of particulars, in obedience to an order of the court. *Wiggins v. Guthrie,* 101 N. C., 661, 7 S. E., 761.

There was no error in the holding of the court that defendants are not entitled to recover, as damages resulting from the issuance and con-

tinuance of the injunction bonds, the item of interest, or the amount expended by defendants in procuring the attendance at the trial of non-resident witnesses. Neither of these items as set out in the bill of particulars can be included in the damages sustained by defendants by reason of the restraining orders or injunctions. C. S., 854.

Whereas, in the instant case, a creditor whose debt is secured by a mortgage or deed of trust, was restrained and enjoined, by orders issued in an action pending in the Superior Court, from exercising the power of sale contained in the mortgage or deed of trust, and the debtor was required in accordance with the provisions of the statute, C. S., 854, to file an undertaking or bond, to the effect that the debtor and his sureties, would pay to the creditor such damages, not exceeding the penal sum of the undertaking or bond, as the creditor should sustain by reason of the injunction, if the injunction was finally dissolved by the court, the measure of the damages which are recoverable by the creditor upon the dissolution of the injunction, is ordinarily the depreciation, if any, in the value of the property conveyed by the mortgage or deed of trust, as security for the debt, from the date of the issuance of the injunction to the date of its dissolution. The only interest which the creditor has in the property is its preservation as security for his debt, undiminished in value. It is this interest only which the debtor, who procures an order restraining the creditor from enforcing his security by the sale of the property, is required to protect by a bond or undertaking. If, notwithstanding the injunction, the creditor collects his debt, interest and costs, by the sale of the property, after the dissolution of the injunction or otherwise, he sustains no damages by reason of the injunction. If the property depreciates in value during the time the injunction is in force, and the creditor for that reason fails to collect his debt, interest and costs, the amount of such depreciation is ordinarily the measure of his damages.

If the value of the property at the date of the issuance of the injunction was not sufficient to pay the debt and interest, then accrued, the interest on the debt which has accrued while the injunction was in force, may be a proper item of damages for which the bond is liable. The creditor is entitled to the same security at the date of the dissolution of the injunction that he had at the date of its issuance—no more, and no less. If by reason of the issuance of the injunction he has lost the interest which has thereafter accrued, this loss may justly be included in the damages, recoverable on the bond.

The author of the article entitled "Injunctions," 32 Corpus Juris, at page 470, says that "it has been held that the loss in value of the property during the time the injunction was in operation, not exceeding the penalty of the bond, and the interest thereon from the time of the

institution of the suit, is the proper measure of damages." Where there has been no depreciation in the value of the property, but such value both at the date of the issuance of the injunction and at the date of its dissolution, was insufficient to pay the debt and interest accrued at the date of the issuance of the injunction, the creditor has manifestly sustained damage in the loss of interest which accrued after the injunction was issued and while it was in force. Hence in the instant case, if it shall be found that the property was sufficient in value at the date of the issuance of the restraining orders to pay the notes secured by the deed of trust, and all interest thereon to the date of the final judgment, but was not sufficient, because of depreciation in value to pay said notes and interest, at the date of the final judgment, the amount of such depreciation is the measure of damages recoverable on the bonds, subject, of course, to the limitation of liability by reason of the penal sums of said bonds. If the property was not sufficient, at the date of the issuance of the restraining orders, to pay said notes and interest, and there has been no depreciation in the value of the property, then, the measure of damages is the amount of interest accrued during the time the restraining orders were in force, and not paid from the proceeds of the sale of the property or otherwise.

The full measure of damages recoverable on the bond dated 19 June, 1928, is not presented on this record. This bond was filed by the plaintiffs, in obedience to the order of the court, as a condition precedent to the continuance of the temporary restraining order to the final hearing. The penal sum of the bond is $7,500. It is conditioned for the payment by plaintiffs to defendants of such sum and interest thereon as may be finally adjudged to be due to defendants by plaintiffs on the notes described in the complaint. The bond was required as "additional security" for the debt. It is therefore distinguishable from the statutory bonds required by C. S., 854.

The judgment is reversed, and the action is remanded to the Superior Court of Henderson County for a further hearing of defendants' motion for judgment on the bonds filed by plaintiffs in this action. The court, in the exercise of its discretion, and after due notice to plaintiffs, may permit the defendants to amend their bill of particulars, so as to include therein claims for damages to be ascertained in accordance with this opinion.

Reversed and remanded.