ELBERTA REVIS v. HANNAH RAMSEY, ADMINISTRATRIX, ET AL.

(Filed 15 June, 1932.)

1. **Appeal and Error A d—Appeal from granting of motion to amend is premature.**

   An appeal from the granting of a motion to amend is premature, the appellant having suffered no harm from the allowance of the motion.

2. **Judgments L b—Doctrine of res judicata does not apply to incidental motions not affecting substantial rights.**

   The doctrine of *res judicata* does not apply to ordinary motions incidental to the progress of the trial but only to those involving substantial rights.

APPEAL by plaintiff from *Sink, J.*, at February Term, 1932, of MADISON.

Civil action to recover on a promissory note for $700, dated 22 February, 1916, due 1 December, 1916, under seal, and ostensibly signed by Caney Ramsey and Z. Ponder as makers.

The defendant, Z. Ponder, in his original answer, denied executing the note and pleaded the three, seven and ten-year statutes of limitations.

When the case was called for trial at the October Term, 1931, Stack, J., presiding, "the defendant, in open court, asked for permission to amend his answer so as to set up the statute of limitations and the court, in its discretion, denies the motion, and the defendant excepts."

There was a verdict, at said term, finding that plaintiff's claim was barred by the statute of limitations as to the defendant, Z. Ponder. This was set aside, in the discretion of the court, as contrary to the weight of the evidence. *Welch v. Hardware House, ante,* 641; *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686; *Goodman v. Goodman,* 201 N. C., 794, 161 S. E., 688.

Thereafter, at the February Term, 1932, *Sink, J.*, presiding, the defendant, Z. Ponder, asked to be permitted to amend his answer and set up that he signed said note as surety only, and to plead the three-year statute of limitations, no payments having been made thereon within three years next preceding the filing of plaintiff's complaint. Motion allowed, and plaintiff appeals.

*John A. Hendricks for plaintiff.*
*John H. McElroy and Carter & Carter for defendant Ponder.*

STACY, C. J. The plaintiff contends that as the application of the defendant, Z. Ponder, to amend his answer so as to plead the statute of limitations was denied by Stack, J., at the October Term, 1931, Sink, J., was without authority at the February Term, 1932, to hear a renewal of the same motion and to allow it, upon the theory that the matter was then *res judicata* and no appeal lies from one Superior Court judge to another. *Wellons v. Lassiter,* 200 N. C., 474, 157 S. E., 434; *Phillips v. Ray,* 190 N. C., 152, 129 S. E., 177; *Dockery v. Fairbanks,* 172 N. C., 529, 90 S. E., 501; *May v. Lumber Co.,* 119 N. C., 96, 25 S. E., 721; *Henry v. Hilliard,* 120 N. C., 479, 27 S. E., 130; *Roulhac v. Brown,* 87 N. C., 1; *S. v. Evans,* 74 N. C., 324.

The motion made at the February Term is different from the one lodged at the October Term. Compare *Jones v. Thorne,* 80 N. C., 72. The first was perhaps denied because it was thought the statute of limitations had already been pleaded. But however this may be, no harm

has come to the plaintiff from the ruling on the second motion, and his appeal is premature. *Trust Co. v. Whitehurst,* 201 N. C., 504.

The principle of *res judicata* does not extend to ordinary motions incidental to the progress of a cause, but only to those involving substantial rights. *Allison v. Whittier,* 101 N. C., 490, 8 S. E., 338; *Mabry v. Henry,* 83 N. C., 298.

Appeal dismissed.