J. P. TEMPLE v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 22 November, 1933.)

1. **Pleadings F a: Appeal and Error J b—**

   The court has the discretionary power to allow an application for a bill of particulars, C. S., 534, or to grant a motion to require a pleading to be made more definite and certain, C. S., 537, or to strike out in his discretion orders previously made under the statutes, and no appeal will lie from such discretionary orders.

2. **Courts A f—**

   The doctrine of *res judicata* does not apply to ordinary motions incidental to the progress of a trial, and the court has the discretionary power to strike out an order made at a prior term requiring plaintiff to make his complaint more definite and certain or file a bill of particulars.

3. **Pleadings F a: Appeal and Error J b—**

   The fact that a defendant might have proceeded under C. S., 900-901 for an examination of the adverse party does not render the granting of his motion to require plaintiff to make his complaint more definite and certain or file a bill of particulars improvident as a matter of law, and the trial court's action in striking out such order on the ground that it was improvidently entered is reviewable and will be held for error.

APPEAL by defendant from *Cranmer, J.,* at Second June Term, 1933, of WAKE.

Civil action to recover damages for failure of defendant to transmit and deposit funds to credit of plaintiff in Wachovia Bank and Trust Company, as per alleged agreement, which caused a number of plaintiff's checks to be refused for payment by said bank.

After the defendant had obtained an extension of time within which to file answer, it lodged a motion to require the plaintiff to make his complaint more definite and specific by setting out the dates, amounts and payees of checks alleged to have been dishonored, etc., or to furnish the defendant a bill of particulars containing the desired information. This motion was allowed at the April Term, 1933.

Thereafter, at the June Term, the same judge presiding, upon motion of plaintiff, the order entered at the April Term was stricken out "as

having been improvidently granted," and because "defendant has full and complete remedy under the provisions of C. S., 900-901, which have reference to examination of adverse parties and witnesses for the purpose of obtaining information upon which to file pleadings."

From this second ruling, the defendant appeals, assigning error.

*W. T. Shaw and Ruark & Ruark for plaintiff.*
*J. C. Little for defendant.*

STACY, C. J. It is the uniform holding that an application for bill of particulars under C. S., 534, or a motion to require a pleading to be made more definite and certain under C. S., 537, is addressed to the sound discretion of the trial court, and his ruling thereon is not reviewable on appeal, except perhaps in case of manifest abuse of discretion. *Carteret County v. Construction Corp.,* 199 N. C., 485, 154 S. E., 746; *Gruber v. Ewbanks,* 199 N. C., 335, 154 S. E., 318; *Power Co. v. Elizabeth City,* 188 N. C., 278, 124 S. E., 611.

The law is stated in 49 C. J., 625, as follows:

"It is a matter for the sound discretion of the court whether under the circumstances of the case a demand for a bill of particulars should be granted or refused. This power of the court exists by virtue of its general power to regulate the conduct of trials, and it is incident to its general authority in the administration of justice. It is the same power in kind that courts have to grant a new trial on the ground of surprise."

It is likewise settled by the decisions that the principle of *res judicata* does not extend to ordinary motions incidental to the progress of a cause, but only to those involving substantial rights. *Revis v. Ramsey,* 202 N. C., 815, 164 S. E., 358; *Townsend v. Williams,* 117 N. C., 330, 23 S. E., 461; *Allison v. Whitlier,* 101 N. C., 490, 8 S. E., 338; *Mabry v. Henry,* 83 N. C., 298.

Therefore, it may be conceded that at the June Term the court was at liberty, in its discretion, to strike out the discretionary order previously granted at the April Term. *Townsend v. Williams, supra.* But the second ruling, the one revoking the prior order, was not made in the court's discretion. It is stated that the first order is stricken out because improvidently granted, and for the further reason that defendant has an adequate remedy under C. S., 900-901 to compel the plaintiff to submit to examination, etc. It is true, the defendant might have resorted to the suggested procedure and examined the plaintiff under the statutes mentioned, but this would not render the order previously granted under C. S., 534 or 537, improvident as a matter of law.

Error.