THE SCOTTISH BANK, A CORPORATION, V. E. B. DANIEL AND UNITED STATES CASUALTY COMPANY, A CORPORATION.

(Filed 20 December, 1940.)

**1. Pleadings § 27—**

Where plaintiff files an amended complaint pursuant to the court's order to make the complaint more definite and certain, and the court holds that the amended complaint is sufficient and denies defendant's second motion that the plaintiff be required to make the pleading more definite and certain, the denial of the second motion will not be held for error, the sufficiency of the bill of particulars filed being in the sound discretion of the trial court.

**2. Pleadings § 29: Courts § 3—No appeal lies from one Superior Court judge to another.**

One Superior Court judge is without power to review or reverse a prior order or judgment of another Superior Court judge, and where the court grants defendants' motion for bill of particulars but denies their motions to strike certain matter from the complaint, and neither defendant excepts or appeals from the denial of the motions to strike, defendants are bound thereby, and a motion made after the filing of the amended complaint to strike like matter therefrom is properly denied, and this conclusion is unaffected by the fact that the amended complaint makes it more clearly appear that the matter sought to be stricken is immaterial to the cause.

**3. Pleadings § 26b: Principal and Surety § 17—**

Where plaintiff in an action on a fidelity bond, in response to an order to make the pleading more definite and certain, files an amended complaint alleging that the defalcations or misconduct of the principal occurred between certain dates, the amended complaint is in effect a bill of particulars, and plaintiff is confined to proof of defalcations occurring between the dates specified.

APPEAL by defendants from *Stevens, J.,* at May Term, 1940, of ROBESON. Affirmed.

Civil action heard on motion to strike certain allegations in the complaint.

The plaintiff alleges that the defendant E. B. Daniel was cashier of its Pembroke unit from 25 February, 1939, until 31 August, 1939; and that prior thereto he was an employee of the Bank of Pembroke, the assets of which were purchased and the liabilities of which were assumed by the plaintiff. It further alleges that the defendant U. S. Casualty Company became and is the surety upon the fidelity bond of the individual defendant, which bond is in the sum of $50,000.00; that while said bond was in full force and effect plaintiff suffered losses on account of the dishonest acts of the individual defendant in the total sum of $47,933.14; that prior to the time plaintiff acquired the assets of the Bank of Pembroke, to wit, 20 September, 1935, defendant became surety on the fidelity bond of the individual defendant as an employee of the Bank of Pembroke; that said bond was in the sum of $15,000.00 and was cumulative from year to year until the date of the execution of the $50,000.00 bond.

The plaintiff prays judgment in the penal sum of the bond executed 25 February, 1939, to be discharged upon the payment of the losses sustained by the plaintiff through the misconduct of its employee, the individual defendant.

Thereupon, the corporate defendant, before the time for answering expired, appeared and moved the court to strike from the complaint the several allegations in the complaint making reference to the bond in the sum of $15,000.00 executed 20 September, 1935, insuring the Bank of Pembroke against loss on account of the dishonest acts, etc., of its then employee, the defendant E. B. Daniel. It further moved that the plaintiff be required to make its complaint more definite and certain. The latter motion was, in effect, a demand for a bill of particulars. The individual defendant made similar motions.

When the cause came on to be heard on said motions the court below ordered "that the motion of each of defendants to strike allegations from the complaint be, and it is hereby denied." It further ordered that the plaintiff "file an amended complaint herein, setting forth definitely the date and nature of any alleged dishonest acts on the part of defendant E. B. Daniel known to the plaintiff, its agents, servants and employees, and the date, the amount and nature of each alleged loss of plaintiff, on account of any alleged dishonest acts on the part of the defendant E. B. Daniel."

Thereafter, plaintiff filed an amended complaint containing the allegations in the original complaint, together with certain additional allegations in compliance with the order of the court, including the allegation "that it is unable to state further when and on what dates during the said period from February 25, 1939, until August 31, 1939, the said several acts of defalcation on the part of the said defendant E. B. Daniel

occurred. In connection therewith the plaintiff alleges that if the court should find that said shortage occurred prior to March 1, 1939 (which is denied), then this plaintiff says that it suffered the said losses as hereinbefore set out on account of the dishonest act and acts of said E. B. Daniel for which his codefendant surety is also liable to this plaintiff, in that the said E. B. Daniel falsely and dishonestly represented through the entries made by him in the records of the Bank of Pembroke and in the Pembroke unit of the plaintiff, that the affairs of the said bank were as set forth in his said records thereof, and that said records truthfully showed the net worth of the said bank to be in excess of its true net worth, and did by his false and dishonest representations and false entries in the records thereof cause the plaintiff to purchase the same at the value of its net worth as shown in its records and did cause the plaintiff to suffer the said loss on account of said false entries and dishonest acts in representing the affairs of the Bank of Pembroke to be correctly set forth in the records and books of said bank, both as to assets and liabilities." It then alleges that it has acquired all of the rights of the Bank of Pembroke under and by virtue of the cumulative bond in the sum of $15,000.00, executed 20 September, 1935.

Each defendant then moved the court to strike from the amended complaint all allegations in respect to the bond executed 20 September, 1935.

They likewise moved the court that plaintiff be required to make its amended complaint more definite, particularly with reference to its allegations of dishonest acts or fraudulent entries in the books of the plaintiff bank, alleged to have been done or made by defendant Daniel, for the reason that the amended complaint filed by plaintiff fails to comply with the former order of the court.

When the motion came on to be heard the court, being of the opinion that the amended complaint is in accordance with the order theretofore entered, declined to require the plaintiff to make further amendment and denied the motion to strike. Each defendant excepted and appealed.

*McLean & Stacy for E. B. Daniel, appellant.*

*Helms & Mulliss for United States Casualty Company, appellant.*

*Johnson & Timberlake, Varser, McIntyre & Henry, and McKinnon, Nance & Seawell for appellee.*

BARNHILL, J. The defendants do not discuss in their briefs the exception to the judgment below based upon the contention that the amended complaint fails to comply with the order theretofore entered requiring a bill of particulars in respect to the alleged shortage. We may presume

that this contention has been abandoned. In any event, it is apparent that the court below was of the opinion that the plaintiff was acting in good faith in making its allegations that it could not give information more definite than that alleged in the amended complaint and it thereupon adjudged the amended complaint to be a sufficient compliance with the former order. *Townsend v. Williams,* 117 N. C., 330. The judgment below in this respect cannot be disturbed.

When judgment was entered denying the motions of the defendants to strike from the original complaint allegations relating to the bond executed 20 September, 1935, neither defendant excepted thereto. Nor did they appeal therefrom. It thereupon became binding upon the defendants. They could not thereafter appeal to another judge of the Superior Court to review or to reverse the original order denying the motion to strike. *Davis v. Land Bank,* 217 N. C., 145, and cases cited; *In re Adams, ante,* 379.

It is conceded that the amended complaint may make it appear more clearly that, upon the plaintiff's theory of his cause of action, allegations in respect to the $15,000.00 bond are immaterial. But this is not sufficient to overcome the rule which prohibits one Judge from reversing the judgment of another.

As the plaintiff has specifically alleged that the loss sustained by it was occasioned by the misconduct of the defendant Daniel during the period from 25 February, 1939, to 31 August, 1939, and this allegation is made in response to an order for a bill of particulars, the plaintiff is bound thereby and must confine its evidence thereto. Under the amended complaint it may not undertake to show a shortage occurring at some other time. McIntosh P. & P., 361; *Savage v. Currin,* 207 N. C., 222, 176 S. E., 569; *Beck v. Bottling Co.,* 214 N. C., 566, 199 S. E., 924; *Gruber v. Ewbanks,* 199 N. C., 335, 154 S. E., 318.

Even so, the plaintiff asserts that in this type of case, when the surety is unable to refute the existence of a shortage, it undertakes to prove that such shortage did not occur during the period covered by the bond sued upon; and that by its allegations in respect to the $15,000.00 bond it has merely captured the defendants' Maginot Line and barricaded their principal line of retreat. It contends that if such defense is made by the defendants in this case, it will be entitled to recover upon the original bond, not upon evidence offered by it but upon such evidence offered by the defendants. As to this, what rights, if any, the plaintiff may have under the bond executed to the Bank of Pembroke are not now at issue. Nor need we express an opinion as to the right of the plaintiff to make the suggested use of the allegations which the defendants seek to have stricken from the complaint. Suffice it to say that the court

below properly declined to review or to reverse the former order denying the motion to strike these allegations from the complaint.

The judgment below is

Affirmed.