## CHARLES E. CALLOWAY v. FORD MOTOR COMPANY AND MATTHEWS MOTORS, INC.

No. 64

(Filed 16 June 1972)

**1. Pleadings § 32— motion to amend — discretion of court — review**

After the time for answering a pleading has expired, a motion to amend the answer is addressed to the discretion of the court, and its decision thereon is not subject to review except in case of manifest abuse.

**2. Courts § 9— orders of one judge — authority of another judge**

No appeal lies from one superior court judge to another; one superior court judge may not correct another's errors of law; and ordinarily one judge may not modify, overrule or change the judgment of another superior court judge previously made in the same action.

**3. Judgments § 5; Pleadings § 32— denial of motion to amend — interlocutory order**

An order denying a motion to amend pleadings is an interlocutory order.

**4. Judgments § 35— res judicata — motions**

The doctrine of *res judicata* does not apply to decisions upon ordinary motions incidental to the progress of the trial with the same strictness as to a judgment.

**5. Courts § 9; Judgments §§ 5, 37— interlocutory orders — modification**

A judge has the power to modify an interlocutory order made by another whenever there is a showing of changed conditions which warrant such action.

**6. Pleadings § 42— motion to strike — matter of law**

When a judge rules upon a motion to strike an averment from a pleading on the ground that it is irrelevent, improper or prejudicial, he rules as a matter of law whether he allows or disallows the motion; no discretion is involved and his ruling finally determines the rights of the parties unless it is reversed on appeal.

**7. Courts § 9; Pleadings § 35— allowance of motion to amend — striking of amendment by another judge.**

When one judge allows a motion to amend a pleading in his discretion and the amendment is made in accordance with the authority granted, a second judge may not strike it on the ground that the first erred in allowing it.

**8. Courts § 9; Pleadings § 32— denial of motion to amend — renewal of motion — authority of another judge**

When one superior court judge, in the exercise of his discretion, has made an order denying a motion to amend, absent changed con-

Calloway v. Motor Co.

ditions, another superior court judge may not thereafter allow the motion.

**9. Courts § 9; Pleadings § 32— denial of motion to amend — changed conditions — allowance of motion by another judge.**

In an action against the manufacturer and the retailer of an automobile based upon alleged negligence and breach of warranty wherein one superior court judge, in the exercise of his discretion, had denied a motion by the retailer to amend its answer to plead the statute of limitations, the fact that the manufacturer was thereafter allowed to amend its answer to plead the statute of limitations and that the manufacturer's motion for summary judgment was allowed and the action against the manufacturer was dismissed, *held* to constitute a material change in conditions which gave another superior court judge the authority to allow the retailer's renewed motion to plead the statute of limitations.

**10. Appeal and Error § 54— discretionary matters — denial as a matter of law — review**

When a motion addressed to the discretion of the court is denied upon the ground that the court has no power to grant the motion in its discretion, the ruling is reviewable.

**11. Appeal and Error § 63— denial of motion to amend — remand — allowance of motion**

Ordinarily, when the court denies a discretionary motion to amend as a matter of law, without the exercise of discretion, the cause is remanded to the superior court for reconsideration as a discretionary matter; however, where it affirmatively appears from the court's judgment that it would have allowed the amendment in its discretion, the cause will be remanded for entry of an order allowing the amendment.

Justice HIGGINS concurs in the result.

APPEAL by defendant Matthews Motors, Inc., pursuant to G.S. 7A-30 (2) from the decision of the Court of Appeals, reported in 11 N.C. App. 511, 181 S.E. 2d 764, affirming the order of *Ervin, J.,* at the November 1970 Session of BUNCOMBE. This appeal was docketed and argued at the Fall Term as No. 80.

Action for personal injuries.

These facts are alleged in the pleadings: Plaintiff is a police officer of the City of Asheville (City). On 24 February 1965 City purchased from defendant Matthews Motors, Inc. (Matthews), a certain automobile (vehicle) manufactured by defendant, Ford Motor Company (Ford), which had equipped it with seat belts bearing the notation that all GSA safety re-

quirements had been met. On 1 October 1965 plaintiff was operating the vehicle in the performance of his duties as a patrolman. While pursuing a suspected wrongdoer the vehicle skidded across the wet pavement of Tunnel Road into a power pole. Plaintiff's seat belt, which he had securely fastened, became disengaged from the floorboard attachment, and he was thrown into the windshield. The impact caused him serious and permanent injury.

In his complaint, filed 9 August 1968, plaintiff alleges that his injuries were proximately caused (1) by the negligence of Ford and Matthews in that Ford had improperly installed in the vehicle a seat belt which failed to meet either GSA or statutory standards and that Matthews had failed to inspect and discover the defective belt and its careless installation; and (2) by defendants' breach of both an express and implied warranty that the seat belt was reasonably fit for the general purpose for which it was manufactured and that it met specifications and the requirements of G.S. 20-135.2. Plaintiff seeks to recover in the sum of $100,000.00.

In an answer filed 8 November 1968 Matthews denied any liability for plaintiff's injuries and, as a further defense, alleged his contributory negligence. Ford filed a similar answer on 29 November 1969 and, as an additional defense, it alleged that there had been no contractual relationship between Ford and plaintiff and therefore no warranty existed between Ford and plaintiff.

In their answers neither defendant pled any statute of limitations.

On 27 March 1970 Matthews moved the court for permission to amend its answer in order to plead in bar of plaintiff's action his failure to institute the action within three years from the date City purchased the vehicle from Matthews. On 4 May 1970 Judge Hasty *signed* an order denying the requested permission.

On 8 May 1970, four days thereafter, Ford filed an amended answer, which began with the declaration that it was filed "by leave of Court granted by the Honorable Fred H. Hasty, Judge holding the Courts of the 28th Judicial District." However, no order permitting the amendment appears in the record.

Calloway v. Motor Co.

Ford's amended answer made no material change in the original through the third answer and defense. However, the fourth further answer substituted for an allegation that plaintiff's negligence had insulated any negligence of Ford, a plea that plaintiff's right to recover was barred by the three-year statute of limitations—the same plea which Judge Hasty had denied Matthews permission to plead. Ford also pled the statute of limitations in bar of the right of City, as plaintiff's employer, to recover any sums paid by it as compensation benefits to plaintiff. Fifth and sixth further answers are not material on this appeal.

On 14 May 1970 Matthews filed an amended answer using a preamble identical with Ford's. This amended answer, like Ford's, is supported by no order in the record. In it Matthews added a second further defense in which it alleged that no warranty existed between Matthews and plaintiff. In a third defense it pled the specific dates of the sale of the vehicle to City, the collision in which plaintiff was injured, and the suit instituted. Following the last, these words appeared in parentheses "(more than three years from the date of sale to the City of Asheville.)" These followed the allegation that City had paid workmen's compensation benefits and its failure "to institute this action within three years is pleaded in bar of its subrogation rights to any recovery had by the plaintiff against this answering defendant."

On 20 May 1970 plaintiff moved to strike Matthews' amended answer on the ground that on 4 May 1970 Judge Hasty had denied Matthews' motion (filed 27 March 1970) to amend its answer. On the margin of this motion appears the following undated handwritten notation: "Motion ruled on and language deleted as marked on lines 5 and 6 of page 5 of amended answer. Fate J. Beal, Judge Presiding." An examination of a photostatic copy of the original amended answer shows the words within the parentheses, quoted in the preceding paragraph, are contained within lines 5 and 6 on page 5 of the amended answer. (This informal and confusing method of ruling upon a motion is expressly disapproved.)

On 17 July 1970 Matthews filed a motion to amend its amended answer by pleading that the negligence of Ford was primary and active; that its negligence, if any, was passive and secondary; and that it was "entitled to have indemnity over against the co-defendant, Ford." Judge Ervin allowed this motion, and the amendment was made.

On 20 October 1970 Matthews again moved the court "in the exercise of its sound discretion," for permission to amend its amended answer by pleading the three-year statute of limitations as a defense to plaintiff's right to recover for that Ford had asserted this defense and to allow Matthews "to enter the same plea would be just and equitable."

On 22 October 1970 Ford moved for summary judgment on the ground that plaintiff's complaint affirmatively revealed that City purchased the vehicle in which plaintiff was injured more than three years prior to the institution of the suit and that his action was barred by G.S. 1-52.

On 5 November 1970 plaintiff moved to strike the amended answer which Ford had filed on 8 May 1970 for that, *inter alia,* it had been filed without the court's permission. On the same day Judge Ervin denied plaintiff's motion to strike and entered summary judgment dismissing plaintiff's action against Ford with prejudice. Plaintiff gave notice of appeal but thereafter withdrew it.

On 12 November 1970 Judge Ervin entered an order denying Matthews' motion to be allowed to plead the three-year statute of limitations in bar of plaintiff's right to recover. His order recited that he was "inclined to grant this motion of Matthews" but that since Judge Hasty, in his discretion, had previously denied the same motion and Judge Beal had "made an entry on the pleadings in this cause," he lacked authority to exercise his discretion and he "must rule as a matter of law."

Matthews appealed to the Court of Appeals assigning as error (1) Judge Hasty's discretionary order of 4 May 1970 denying it permission to amend its answer by pleading the statute of limitations; and (2) Judge Ervin's ruling that he lacked authority to allow its motion of 20 October 1970. The Court of Appeals, after treating the appeal as a petition for certiorari and allowing the petition, affirmed the orders of the Superior Court, one judge dissenting. Matthews appealed to this Court as a matter of right.

Plaintiff made no appearance in the Court of Appeals or in this Court.

*No counsel for plaintiff appellee.*

*Van Winkle, Buck, Wall, Starnes & Hyde for defendant appellant.*

SHARP, Justice.

[1]   This Court has consistently held that "after the time for answering a pleading has expired," an answer may not be amended as of right. A motion to amend is addressed to the discretion of the court, and its decision thereon is not subject to review except in case of manifest abuse. *Vending Co. v. Turner*, 267 N.C. 576, 148 S.E. 2d 531 (1966); *Hardy v. Mayo*, 224 N.C. 558, 31 S.E. 2d 748 (1944); *Osborne v. Canton and Kinsland v. Mackey*, 219 N.C. 139, 13 S.E. 2d 265 (1941); 6 N. C. Index *Pleadings* § 32 (1968). Although these cases were decided prior to the adoption of the new Rules of Civil Procedure, G.S. 1A-1 (1969), the rule they enunciate remains applicable today.

When Matthews moved under Rule 15(a) for permission to amend its answer by pleading the statute of limitations, G.S. 1-52(1)(5) (1969), the motion was addressed to Judge Hasty's discretion, to be exercised as justice requires "in view of the attendant circumstances." 51 Am. Jur. 2d *Limitation of Action* § 471 (1970). At that time the answers of both Matthews and Ford had been filed for more than one year and five months, and neither contained a plea of the statute. Clearly, at the time Judge Hasty denied Matthews' motion to amend, there was no basis for any contention that he had abused his discretion.

The question presented by this appeal is whether Judge Ervin, in his discretion, had authority to permit an amendment which Judge Hasty, in his discretion, had denied earlier.

[2]   The well established rule in North Carolina is that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action. 2 N. C. Index 2d *Courts* § 9 (1967) and cases cited in footnote 50.

[3-5]   An order denying a motion to amend pleadings is an interlocutory order, that is, "[o]ne given in the progress of a cause upon some plea, proceeding, or default which is only intermediate and does not finally determine or complete the suit." Black's Law Dictionary, p. 979 (1951); *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82 (1961). See 50 C.J.S. *Judgments* § 620 (1938). The doctrine of *res judicata*

does not apply to decisions upon ordinary motions incidental to the progress of the trial with the same strictness as to a judgment. See 56 Am. Jur. 2d *Motions, Rules and Orders* § 30 (1971). It is frequently said that the doctrine does not apply unless the order involves "a substantial right." *Temple v. Telegraph Co.*, 205 N.C. 441, 442, 171 S.E. 630 (1933). See 5 N. C. Index 2d *Judgments* § 37 (1968). Accordingly, the rule is that a judge has the power to modify an interlocutory order made by another whenever there is a showing of changed conditions which warrant such action. Interlocutory orders are subject to change "at any time to meet the justice and equity of the case upon sufficient grounds shown for the same. *Miller v. Justice*, 86 N.C. 26, 30 (1882). *See Bland v. Faulkner*, 194 N.C. 427, 139 S.E. 835 (1927). For example, when a judge denies a motion for a change of venue upon the basis of his findings of crucial facts, his order denying the motion is conclusive of the right to remove *on the facts found*. However, because of events intervening thereafter the ends of justice might then require removal of the action. *Rutherford College v. Payne*, 209 N.C. 792, 184 S.E. 827 (1936).

[6] When a judge rules upon a motion to strike an averment from a pleading on the ground that it is irrelevant, improper or prejudicial he rules as a matter of law, whether he allows or disallows the motion. No discretion is involved and his ruling finally determines the rights of the parties unless it is reversed upon appeal. *Greene v. Laboratories, Inc., supra; Wall v. England*, 243 N.C. 36, 89 S.E. 2d 785 (1955) ; *Bank v. Daniel*, 218 N.C. 710, 12 S.E. 2d 224 (1940).

[7] Likewise, when one judge allows a motion to amend a pleading in his discretion and the amendment is made in accordance with the authority granted, a second judge may not strike it on the ground that the first erred in allowing it. He is "under the necessity of observing the terms of the judgment allowing the [party] to amend. *State v. Oil Co.*, 205 N.C. 123, 126, 170 S.E. 134, 135 (1933). *Accord, Dockery v. Fairbanks*, 172 N.C. 529, 90 S.E. 501; 29 N. C. L. Rev. 3, 20 (1950). In *Hardin v. Greene*, 164 N.C. 99, 80 S.E. 413 (1913), at the Fall Term 1912, the presiding judge made an order granting defendant an unrestricted right to file an amended answer. Defendant amended by pleading the statute of limitations. At the Spring Term 1913, the succeeding judge struck the plea.

On appeal it was held that the judge at a subsequent term was without authority to strike the plea.

Several decisions of this court indicate that when a judge in his discretion *denies* a motion to amend pleadings, or for a bill of particulars, his order of denial is no bar to a subsequent motion or application for the same relief to another judge.

In *Townsend v. Williams,* 117 N.C. 330, 23 S.E. 461 (1895), the defendant appealed to the judge's refusal to allow his motion for a bill of particulars. The Supreme Court declined to reverse the discretionary order but in finding "no error," said, "As its refusal was a matter of discretion and therefore not *res judicata,* it is open to the Judge below in his discretion to grant the motion now if renewed in time to avoid delay in the trial." *Id.* at 337, 23 S.E. at 463.

In *Revis v. Ramsey,* 202 N.C. 815, 164 S.E. 358 (1932), an action on a note, at the October 1931 Term the defendant Zade Ponder moved to amend his answer by alleging that he signed the note as a surety and that the action against him was barred by the three-year statute of limitations. Judge Stack denied the motion. At the February 1932 Term defendant renewed the same motion, and Judge Sink allowed it. Plaintiff appealed "upon the theory that the matter was then *res judicata* and no appeal lies from one Superior Court judge to another." The appeal was dismissed as premature, but Chief Justice Stacy pointed out that the "principle of *res judicata* does not extend to ordinary motions incidental to the progress of a cause but only to those involving substantial rights." *Id.* at 817, 164 S.E. at 358.

*Overton v. Overton,* 259 N.C. 31, 129 S.E. 2d 593 (1963), began as a special proceeding for the allotment of a year's allowance and dower. Petitioner had dissented to the decedent's will six months and six days after its probate. Respondents' answer was a general denial which did not plead the six-months' statute of limitations. G.S. 30-1 (1950). At the trial respondents' motion to amend by pleading the statute was denied. Disregarding the jury's verdict in favor of petitioner the judge erroneously entered judgment for respondents. On appeal the Supreme Court reversed and remanded the case for the entry of judgment for petitioner. From the judgment so entered respondents immediately appealed. Upon the second appeal, a new trial was

ordered for errors in the judge's charge at the trial. In its opinion the court specifically authorized respondents to renew their motion to amend in the Superior Court. Citing *Revis v. Ramsey, supra,* the Court said: "It lies within the sound discretion of the court to allow or deny such motions. It is pointed out that prior rulings on motions to amend are not necessarily *res judicata.* The doctrine of *res judicata* does not apply to ordinary motions incidental to the progress of the trial, but only to those involving a substantial right." *Overton v. Overton,* 260 N.C. 139, 146, 132 S.E. 2d 349, 354 (1963).

In *Casualty Co. v. Oil Co.,* 265 N.C. 121, 143 S.E. 2d 279 (1965), the judge presiding at the January 1965 Session denied the plaintiff's motion to amend the complaint to allege negligence and proximate cause with more particularity. At the next term another judge sustained defendant's demurrer to the complaint for that it failed to allege actionable negligence. In the opinion reversing the judgment sustaining the demurrer this Court said: "The ruling of the court on plaintiff's motion to amend the complaint is not *res judicata.* If so advised, any of the parties may hereafter move in superior court for leave to amend the pleadings." *Id.* at 130, 143 S.E. 2d at 286.

The records in the preceding four cases impel the conclusion that the ends of justice required that the requested amendments be made and that this Court thought the judge below had abused his discretion in denying the motion. In actuality these decisions authorizing the movant to renew his motion in the Superior Court were an exercise of this Court's supervisory powers. If, upon remand, the motions were renewed and allowed, the judges who allowed the motions acted upon authority specifically granted by the Supreme Court. No judge, *ex mero motu,* substituted his discretion for that of another judge of coordinate and equal jurisdiction.

We do not believe that in the foregoing cases the court intended to lay down the incongruous rule that when a judge in his discretion allows a motion to amend his order binds another Superior Court judge, but when he denies the motion in his discretion another may allow the motion irrespective of any change in conditions. Such a rule is logically indefensible and could serve only to undermine the considerations of orderly procedure, courtesy and comity, which engendered the rule that one judge may not overrule or modify the judgment of another. See Annot., 132 A.L.R. 14 (1941).

[8, 9] We hold that when one Superior Court judge, in the exercise of his discretion, has made an order denying a motion to amend, absent changed conditions, another Superior Court judge may not thereafter allow the motion. *See Dockery v. Fairbanks, supra.* It does not necessarily follow, however, that in this case Judge Ervin correctly ruled that he had no authority to permit the amendment which Judge Hasty had denied. The question arises whether there had been a material change in conditions between the date of Judge Hasty's order and 12 November 1970, the date on which Judge Ervin denied Matthews' renewed motion for permission to plead the statute of limitations. Obviously, the intervention of new facts which would bear upon the propriety of allowing a previously disallowed motion to plead a statute of limitations will not often occur. However, in this case, such new facts did intervene.

On 5 May 1970, at the time of Judge Hasty's order, both Ford and Matthews were on the same footing with reference to a plea of the statute, but thereafter, on 5 November 1970, Judge Ervin permitted Ford to plead the statute by refusing to strike the amended answer which Ford had filed without permission. Furthermore, on the same day, he allowed Ford's motion for summary judgment and dismissed plaintiff's action against Ford. On this record we perceive no reason why Ford should have been allowed the permission which was denied Matthews, and neither did Judge Ervin. The recitals in his order make it quite clear that he refused Matthews permission to plead the statute only because he thought he was powerless to grant permission.

[10, 11] When a motion addressed to the discretion of the court is denied upon the ground that the court has no power to grant the motion in its discretion, the ruling is reviewable. *Highway Commission v. Hemphill,* 269 N.C. 535, 153 S.E. 2d 22 (1967) ; *Gilchrist v. Kitchen,* 86 N.C. 20 (1882). Ordinarily, when the court denies such a motion as a matter of law, without the exercise of discretion, the case is remanded to the Superior Court for reconsideration as a discretionary matter. *Tickle v. Hobgood,* 212 N.C. 762, 194 S.E. 461 (1938). However, in this case, since the manner in which Judge Ervin would have exercised his discretion affirmatively appears from his judgment, such reconsideration will not be necessary.

The judgment of Ervin, J., denying Matthews' motion that it be allowed to amend its pleadings to allege the three-year

---

Wilson v. Chemical Co.

---

statute of limitations against plaintiff's cause of action is vacated; and the cause will be remanded to the Superior Court for entry of an order allowing the amendment.

The decision of the Court of Appeals is reversed with instructions that it remand this cause to the Superior Court for the entry of judgment in accordance with this opinion.

Reversed.

Justice HIGGINS concurs in the result.