R. T. WILLIAMS v. D. U. BRUTON.

(Filed 13 December, 1939.)

1. **Pleadings § 20—**

A demurrer will not lie to a bill of particulars, the remedy, if the bill of particulars is insufficient, being an application to the judge to make it more definite.

2. **Contracts § 21: Agriculture § 7e—Allegations held sufficient to state cause of action in favor of tenant for breach of contract to divide tobacco allotment.**

This action was instituted before a justice of the peace without written pleadings. Upon defendant's motion made in the Superior Court on appeal, to limit plaintiff's proof to his allegations, plaintiff "alleged" that he was a tenant of defendant under a contract providing that he was to have one-half the tobacco poundage allotted to the acreage cultivated by him, that the tobacco raised thereon was less than the allotment, that he had made demand on defendant for the value of one-half of the unused allotment and that the demand had been refused. *Held:* If the "allega-

tions" be considered as a complaint, it avers the contract, its breach, and consequent damages, and defendant's demurrer thereto should have been overruled.

**3. Pleadings § 20—**

Upon demurrer, the complaint will be liberally construed in favor of plaintiff.

APPEAL by plaintiff from *Burney, J.,* at May Term, 1939, of ROBESON.

*McKinnon, Nance & Seawell for plaintiff, appellant.*
*F. D. Hackett for defendant, appellee.*

SCHENCK, J. This is an action instituted before a justice of the peace and heard upon appeal by the defendant to the Superior Court. No pleadings other than the summons was filed before the justice of the peace. The summons designates this as "a civil action for the recovery of ninety-three dollars and ninety-five cents ($93.95) and interest . . . due by the defendant to the plaintiff under contract to perform farm labor . . ."

The record in the Superior Court is as follows:

"Defendant moves to require the defendant (plaintiff) to limit his proof to his allegations. Mr. R. T. Williams alleges that in 1938 he was tenant for Mr. D. U. Bruton; that he went upon Mr. Bruton's farm as Mr. Bruton's tenant, under a contract entered into between himself and Mr. D. U. Bruton. Plaintiff alleges further that the terms of the contract were that he was to have half of the acreage allotment in tobacco, which was allotted to Mr. D. U. Bruton on this farm, and that he was to have half of the poundage allotment allotted to Mr. Bruton as landlord. That when the acreage allotment was given, Mr. D. U. Bruton was allotted 10½ acres of tobacco; that there were two tenants on Mr. Bruton's farm, Mr. Williams and a tenant named Scott; that Mr. Bruton allotted one-half of the tobacco acreage allotment to R. T. Williams and one-half to Scott. That when the tobacco poundage allotment was given, Mr. D. U. Bruton was allotted 16,190 pounds on the basis of 10½-acre allotment. That Mr. R. T. Williams, on his 5¼ acres of tobacco grew and sold 4,336 pounds. That his half of the total poundage allotment for his share was one-half of the 16,190 pounds, or 8,095 pounds. That after having sold the 4,336 pounds of tobacco, there was left as his and Mr. Bruton's, his landlord, part of the allotment 3,759 pounds; that of this 3,759 pounds, R. T. Williams' half amounted to 1,879 pounds. That the market value of poundage card in 1938 was five cents a pound. That, therefore, the 1,879 pounds owing to plaintiff was worth $93.95. That this amount was owing under the

terms of the contract between R. T. Williams and D. U. Bruton. That the amount has been requested and has never been paid.

"By counsel for defendant: 'I desire to demur *ore tenus* for that it does not state a cause of action.'

"By Court: Sustained."

Whereupon judgment was entered wherein it is found that "this being in the nature of a bill of particulars," it is adjudged that the demurrer thereto be sustained and the action dismissed at the cost of the plaintiff.

If the "allegations" filed by the plaintiff in response to the motion of the defendant be construed as a bill of particulars a demurrer *thereto* did not lie. If a bill of particulars is insufficient the remedy is an application to the judge to make it more definite, and not by demurrer. *Townsend v. Williams*, 117 N. C., 330.

If the "allegations" be considered as a complaint, we are of the opinion that when construed liberally in favor of the plaintiff as a complaint must be on a demurrer, the demurrer *ore tenus* upon the ground that it does not state facts sufficient to state a cause of action cannot be sustained. The contract, its breach and consequent damage are alleged, whether such can be proved is for determination upon the evidence adduced.

The judgment of the Superior Court is

Reversed.