## R. T. WILLIAMS v. D. U. BRUTON.

(Filed 8 June, 1940.)

**Agriculture § 7e—**

    Evidence *held* sufficient to be submitted to jury in this action by a tenant to recover damages for breach of contract by his landlord in failing to give the tenant the tobacco allotment stipulated in the agreement.

    DEVIN and BARNHILL, JJ., dissent.

WILLIAMS *v.* BRUTON.

APPEAL by plaintiff from *Stevens, J.,* at the February Term, 1940, of ROBESON.

*McKinnon, Nance & Seawell for plaintiff, appellant.*
*F. D. Hackett for defendant, appellee.*

SCHENCK, J. This is an action to recover damages alleged to have been caused by a breach of contract, and was formerly before us at the Fall Term, 1939 (216 N. C., 582). In the former opinion, which reversed a judgment sustaining a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action, it is said: "The contract, its breach and consequent damage are alleged, whether such can be proved is for determination upon the evidence adduced."

The contract alleged was that the defendant, as landlord, agreed to rent one-half of the 10½-acre tobacco allotment made to him by the Government to the plaintiff, as tenant, for the farming year 1938, and to give the plaintiff one-half of the poundage allotted for the 5¼ acres rented to him; and the plaintiff agreed to make a tobacco crop. There was evidence tending to show that the plaintiff made a crop on the 5¼ acres and raised and sold 4,336 pounds of tobacco; that the poundage allotment made to the defendant for the 10½ acres was 16,190 pounds, that one-half of this allotment was 8,095 pounds; that after selling 4,336 pounds of tobacco there was left on his and his landlord's portion of the poundage allotment 3,759 pounds; that one-half of this last mentioned number, 1,879 pounds, belonged to plaintiff; that this unused poundage was valued at 5c per pound, which amounted to $93.95; that the defendant has tendered the plaintiff $16.28 "in full for left-over poundage" which plaintiff refused, and demanded the full sum of $93.95.

We are of the opinion, and so hold, that the evidence adduced was sufficient to be submitted to the jury for determination of the issue involved, and that the judge of the Superior Court erred in sustaining the motion of the defendant for a judgment as in case of nonsuit when the plaintiff had introduced his evidence and rested his case.

Reversed.

DEVIN and BARNHILL, JJ., dissent.