JAMES T. MADRY, JR., PLAINTIFF v. DONNA MELTON MADRY, DEFENDANT

No. 9110DC489

(Filed 7 April 1992)

1. **Rules of Civil Procedure § 15.1 (NCI3d) — divorce — amendment of pleadings — denied — abuse of discretion**

    The trial court erred by denying defendant's motion to amend her pleadings to assert the affirmative defense that she was incurably insane and that plaintiff's exclusive remedy for an absolute divorce was N.C.G.S. § 50-5.1. The trial judge was not required nor was it proper to adjudicate the merits of defendant's proposed affirmative defense at this stage of the proceedings.

    **Am Jur 2d, Divorce and Separation §§ 297, 301.**

2. **Courts § 74 (NCI4th) — district court — authority of one judge to overrule another**

    The trial court erred by granting summary judgment for defendant in a divorce action on the issue of whether N.C.G.S. § 50-5.1 provided the exclusive remedy for plaintiff where another judge, in ruling on defendant's motion to dismiss, had held that N.C.G.S. § 50-5.1 did not apply. The legal issue was precisely the same, the materials and arguments were essentially the same, and simply labeling the order a summary judgment did not change its essential character nor authorize the second judge to overrule the first.

    **Am Jur 2d, Courts § 130.**

APPEAL by plaintiff from *Morelock (Fred M.), Judge.* Judgment entered 19 March 1991 in District Court, WAKE County. Cross Appeal by defendant from *Fullwood (James), Judge.* Order entered 19 December 1990 in District Court, Wake County. Heard in the Court of Appeals on 16 March 1992.

Plaintiff instituted this civil action by filing a complaint on 6 October 1989 wherein he requested an absolute divorce from defendant based upon G.S. 50-6, an equitable distribution of the parties' marital property, and custody of the minor child born to the marriage. On 11 December 1989, defendant filed an answer admitting that plaintiff was entitled to an absolute divorce pursuant

MADRY v. MADRY

[106 N.C. App. 34 (1992)]

to G.S. 50-6 and joining in his request for an equitable distribution. Defendant also admitted that plaintiff was entitled to custody of the minor child. Defendant counterclaimed for liberal visitation, temporary and permanent alimony, as well as attorney's fees.

Defendant filed a motion to amend her answer which was denied by Judge Fullwood on 19 December 1990. She thereafter filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure claiming that plaintiff could not obtain an absolute divorce pursuant to G.S. 50-6 due to the fact she is "incurably insane" within the meaning of G.S. 50-5.1 which statute would therefore provide the exclusive method by which plaintiff could obtain a divorce. Judge Morelock agreed with defendant and entered summary judgment dismissing plaintiff's claim pursuant to G.S. 50-6 on 19 March 1991.

Plaintiff appeals from the granting of summary judgment and defendant cross appeals from the order of Judge Fullwood denying her motion to amend her answer.

*Ragsdale, Kirschbaum, Nanney, Sokol & Heidgerd, P.A., by William L. Ragsdale, C. D. Heidgerd, and Connie E. Carrigan, for plaintiff, appellant, cross appellee.*

*Womble Carlyle Sandridge and Rice, by Susan D. Crooks, and Susan S. McFarlane, for defendant, appellee, cross appellant.*

HEDRICK, Chief Judge.

Plaintiff and defendant were married on 8 May 1982. Defendant was stricken by a cerebral hemorrhage on 9 August 1986 as a result of which she suffered severe and permanent brain damage and partial paralysis. The parties have lived continuously separate and apart since 19 February 1988. Following the institution of this action by plaintiff and the filing of an answer by defendant, Donna Madry was declared incompetent by the Clerk of Superior Court in Robeson County and her mother, Lula Melton, was appointed as her guardian on 5 July 1990.

On 13 July 1990, defendant moved the trial court pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure for leave to amend her previously filed answer in order to assert, among other things, her allegation that her "incurable insanity" was the cause of the parties' separation and that plaintiff is therefore required to pursue his divorce action in accordance with G.S. 50-5.1.

MADRY v. MADRY

[106 N.C. App. 34 (1992)]

Defendant also asserted in her proposed amended pleading a claim for both temporary and permanent support pursuant to that statute. When the matter came on for hearing, Judge Fullwood ruled that defendant had failed to present evidence that she was "incurably insane" and concluded that "NCGS 50-5.1 does not apply in this action." Based upon that conclusion, the trial judge denied defendant's motion to amend.

Defendant thereafter filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) and, in support of that motion, defendant again alleged that, due to the fact that she is "incurably insane," plaintiff's exclusive remedy for an absolute divorce is G.S. 50-5.1. When this motion came on for hearing, the trial court converted defendant's motion to one for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure and considered all of the pleadings as well as the affidavit of a medical doctor who had been involved in the treatment. of Ms. Madry. Judge Morelock granted summary judgment in favor of defendant and dismissed plaintiff's claim for relief pursuant to G.S. 50-6 stating that "N.C. Gen. Stat. § 50-5.1 provides the exclusive remedy by which the plaintiff herein may obtain an absolute divorce from the defendant herein."

[1] We will first address defendant's appeal. Ms. Madry argues that the trial court abused its discretion in denying her motion to amend her pleadings in accordance with Rule 15(a) of the North Carolina Rules of Civil Procedure. As set forth above, defendant sought leave to amend in order to assert an affirmative defense to plaintiff's claim for an absolute divorce pursuant to G.S. 50-6 which she had failed to assert in her initial answer.

Under Rule 15(a), amendment of pleadings may be accomplished only by leave of court when the amendment is sought after responsive pleadings have been filed. That rule specifically provides, however, that "leave shall be freely given when justice so requires." The grant or denial of an opportunity to amend pleadings is within the discretion of the trial court, *Coffey v. Coffey*, 94 N.C. App. 717, 722, 381 S.E.2d 467, 471, *disc. review allowed*, 325 N.C. 705, 388 S.E.2d 450 (1989), *disc. review improvidently allowed*, 326 N.C. 586, 391 S.E.2d 40 (1990), and that court's decision will not be disturbed on appeal absent a showing of an abuse of discretion. *Henry v. Deen*, 310 N.C. 75, 82, 310 S.E.2d 326, 331 (1984). Although our Rules of Civil Procedure do not require the trial judge to

MADRY v. MADRY

[106 N.C. App. 34 (1992)]

declare the reasons for a denial of a motion to amend, *Coffey*, 94 N.C. App. at 722-723, 381 S.E.2d at 471, it is "an abuse of discretion to deny leave to amend if the denial is not based on a valid ground." *Id., citing* 3 J. Moore, Moore's Federal Practice Sec. 15.08[4] at 15-65, 15-66. Similarly, a denial based upon a misapprehension of law is reversible error. *Ledford v. Ledford*, 49 N.C. App. 226, 233-34, 271 S.E.2d 393, 398-399 (1980).

The trial judge stated in his ruling that the motion to amend was denied due to his conclusion that G.S. 50-5.1 does not apply to this case and he further stated that his conclusion was based upon the fact that defendant had not presented at the motion hearing any of the evidence required by that statute to prove "incurable insanity." The only issue properly before Judge Fullwood at this hearing was whether "justice required" that defendant be granted leave to amend her responsive pleadings. G.S. 1A-1, Rule 15(a). The trial judge was not required nor was it proper to adjudicate the merits of defendant's proposed affirmative defense at this stage of the proceedings. The denial of defendant's motion was not therefore based upon "a valid ground" and was an abuse of discretion by the trial judge.

As our review of the record discloses no other apparent reason to deny defendant leave to amend her pleadings, *Banner v. Banner*, 86 N.C. App. 397, 400, 358 S.E.2d 110, 111, *disc. review denied*, 320 N.C. 790, 361 S.E.2d 70 (1987), and plaintiff has demonstrated no prejudice which would result from grant of leave, *Vernon v. Crist*, 291 N.C. 646, 654, 231 S.E.2d 591, 596 (1977), we hold that "justice required" in this case that defendant's motion be allowed.

[2] Plaintiff appeals Judge Morelock's granting of summary judgment in favor of defendant and argues that the trial court committed reversible error in ruling that G.S. 50-5.1 provides the exclusive remedy for plaintiff. In his first assignment of error, plaintiff contends that Judge Morelock's order for summary judgment improperly overruled the decision rendered by Judge Fullwood upon defendant's motion to dismiss. Judge Fullwood ruled that, as a matter of law, G.S. 50-5.1 does not apply to this case while Judge Morelock concluded that, as a matter of law, that statute provides plaintiff's exclusive means of obtaining an absolute divorce from defendant.

It is a well established rule that "no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one

judge may not modify, overrule, or change the judgment of another Superior Court judge made in the same action." *Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987), *quoting Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). If, however, the initial ruling is one which was addressed to the discretion of the trial judge, another trial court judge may rehear an issue and enter a contradictory ruling if there has been a material change in the circumstances of the parties. *Calloway v. Ford Motor Company*, 281 N.C. at 505, 189 S.E.2d at 493.

Despite the fact that Judge Morelock's order is denominated a summary judgment, the legal issue decided by that judgment, whether G.S. 50-5.1 bars this plaintiff's claim for absolute divorce pursuant to G.S. 50-6, was precisely the same issue decided to the contrary by Judge Fullwood's earlier order denying defendant's motion to amend. The materials and arguments considered by Judge Morelock were essentially the same arguments and materials considered by Judge Fullwood. Simply labeling the order a summary judgment did not change its essential character nor authorize Judge Morelock to overrule Judge Fullwood. *Smithwick v. Crutchfield*, 87 N.C. App. at 377, 361 S.E.2d at 113.

Defendant's motion to amend was a request addressed to the discretion of the trial judge. There were no changed circumstances however which would justify Judge Morelock's reconsideration of this issue. In fact, defendant's motion to dismiss pursuant to Rule 12(b)(6) was filed by defendant on 14 December 1990 which was prior to the date that Judge Fullwood even signed the order denying her motion to amend. It is obvious from the record that, in filing her 12(b)(6) motion, defendant was simply attempting to again put before the court those contentions that Judge Fullwood had rejected.

We hold that Judge Morelock committed reversible error in ruling that G.S. 50-5.1 is the exclusive remedy for this plaintiff when Judge Fullwood had previously ruled otherwise.

Plaintiff's second assignment of error contends that summary judgment was improper as the record before Judge Morelock affirmatively established that plaintiff was entitled to an absolute divorce based upon one year's continuous separation of the parties in accordance with G.S. 50-6. In light of our decision to allow defendant the opportunity to amend her pleadings, summary judgment

in favor of either party would be inappropriate at this time. We therefore decline to address plaintiff's contention.

The summary judgment entered by Judge Morelock dismissing plaintiff's claim is reversed. Judge Fullwood's order denying defendant's motion to amend is reversed and the cause is remanded to the District Court wherein defendant shall be allowed to file and serve amended pleadings and the plaintiff shall be allowed 30 days within which to file any necessary response.

Reversed.

Judges ORR and WALKER concur.