MARGARET ATKINSON, Plaintiff v. DAVID E. ATKINSON, Defendant

No. COA97-1539

(Filed 19 January 1999)

### 1. Divorce— equitable distribution—counterclaim in divorce complaint—claim pending at time of divorce

Plaintiff-former wife had a valid equitable distribution claim pending at the time of the divorce of the parties pursuant to the trial court's order denying defendant-former husband's motion to

---

ATKINSON v. ATKINSON

[132 N.C. App. 82 (1999)]

dismiss plaintiff's claim for equitable distribution on the ground that the parties were not separated at the time the claim was filed where defendant alleged a claim for equitable distribution when he asserted in his divorce complaint that such a claim was pending, and plaintiff joined in that claim by admitting the allegations of the complaint.

### 2. Estoppel— counterclaim for equitable distribution—denial of claim prohibited

Defendant was equitably estopped to deny the existence of an equitable distribution claim by plaintiff when he asserted a counterclaim for equitable distribution in his divorce complaint and plaintiff joined in this claim by her reply.

### 3. Judges— overruling of another judge—same issue—no material change in circumstances

The trial judge had no authority to deny plaintiff's post-divorce claim for equitable distribution and to overrule plaintiff's objection to the dismissal of defendant's counterclaim for equitable distribution in his divorce complaint where the trial judge was reconsidering the same issue that had previously been decided in favor of plaintiff by a different superior court judge, and "intervening circumstances" enumerated by the trial judge were not material changes in circumstances permitting him to overrule the other judge.

### 4. Divorce— equitable distribution—claim pending at time of divorce—voluntary dismissal—refiling

Where plaintiff wife had a valid equitable distribution claim pending at the time the parties were divorced, she could thereafter take a voluntary dismissal of her equitable distribution claim under Rule 41(a)(1) and subsequently refile her action within one year.

Judge GREENE dissenting.

Appeal by plaintiff from judgment entered 15 July 1997 by Judge John W. Smith in New Hanover County District Court. Heard in the Court of Appeals 20 October 1998.

*Lea, Clyburn & Rhine, by J. Albert Clyburn and James W. Lea, III, for plaintiff-appellant.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellee.*

WALKER, Judge.

Plaintiff and defendant were married on 25 September 1967. On 31 May 1990, plaintiff filed a complaint against defendant seeking, among other things, equitable distribution of property pursuant to N.C. Gen. Stat. § 50-20. The defendant filed an answer and counterclaim in which he asked the court for an equitable distribution of the marital property. The plaintiff filed a reply to defendant's counterclaim and admitted that the parties were entitled to equitable distribution of their marital property. An order was entered 14 September 1990 in which the trial judge found that plaintiff and defendant were living together and not separated and declined to rule on both parties' motions.

On 4 August 1992, defendant filed a separate action for divorce in 92 CVD 2215 in which he alleged, "all pending claims arising out of the parties' marriage including both the plaintiff's and defendant's claims for an equitable distribution of marital property, are pending in . . . 90 CVD 1708." On 8 September 1992, plaintiff answered defendant's complaint by stating "the allegations contained in the complaint are admitted" and joined the request that a divorce be granted. In the present appeal, the trial judge noted "there is no reference to equitable distribution in the answer." This is incorrect in view of plaintiff's admission. On 25 September 1992, the divorce was granted and the trial judge stated in his order "that all pending claims arising out of the parties' marriage, including both the plaintiff's and defendant's claims for an equitable distribution of marital property, are pending in New Hanover County Case File No. 90 CVD 1708." On 26 October 1992, in 90 CVD 1708 defendant filed a voluntary dismissal of his counterclaim for equitable distribution stating the reason for the dismissal was "the same having been filed before the parties separated."

On 24 November 1992, defendant filed a motion pursuant to Rule 12(b)(1) and (6) and N.C. Gen. Stat. § 50-21 to dismiss plaintiff's claim for equitable distribution alleging the parties were not separated at the time the claim was asserted. On 28 January 1993, Judge Allen Cobb held a hearing on defendant's motion and in his order concluded:

> . . . the Court having reviewed the record in this matter and having additionally reviewed the pleadings and judgment in the case styled "David E. Atkinson v. Margaret Atkinson," case number 92 CVD 2215 and heard the arguments of counsel and the Court

ATKINSON v. ATKINSON

[132 N.C. App. 82 (1999)]

being of the opinion that the ends of justice would best be served by the denial of the Defendant's motion to dismiss.

From that order the defendant appealed to this Court which dismissed the appeal as being interlocutory. On 4 April 1994, plaintiff voluntarily dismissed her action without prejudice in 90 CVD 1708.

On 3 April 1995, plaintiff filed an action, 95 CVD 985, seeking equitable distribution of the marital property. The defendant answered admitting that marital property existed, but asserted the divorce in 92 CVD 2215 terminated a right of action for equitable distribution. On 28 June 1996, the trial judge placed 95 CVD 985 on "Inactive Status." The following entry was made on the record: "Last activity 5/22/95. Discovery pending. Settlement negotiation ongoing. Continuance Order issued 2/5/96."

On 17 March 1997, plaintiff moved in 90 CVD 1708 to "set aside the dismissal and/or strike the dismissal on the grounds that the Plaintiff had admitted to allegations of the Defendant's action for equitable distribution and joined in the Defendant's prayers for relief for equitable distribution."

On 15 July 1997, the trial judge held a hearing on the defendant's motion to dismiss plaintiff's claim for equitable distribution. In his order, the trial judge combined both cases 90 CVD 1708 and 95 CVD 985, overruled plaintiff's objection to defendant's voluntary dismissal of his counterclaim, and dismissed plaintiff's claim for equitable distribution.

In the order, the trial judge found:

9. . . . The court would refer the issue back to Judge Cobb were he still presiding, and Judge Cobb would clearly be empowered to reconsider his ruling based upon the intervening circumstances. . . . This court, in such a review, will defer to the findings and conclusions of Judge Cobb, and this court believes it lacks jurisdiction to reverse his decision absent some intervening new circumstances which by clear and cogent circumstances justify a different result. This court would not reconsider or reverse the ruling entered by Judge Cobb, and would consider itself bound by his ruling, but for the intervening circumstances.

10. The intervening circumstances justify a reconsideration of the earlier motion to dismiss. Although not intended as an exhaustive listing of the circumstances justifying a reconsidera-

tion, the following are enumerated by the court as relevant to the decision:

> 10.1 The failure of the wife to proceed diligently and in a timely fashion after having been given the opportunity to [do] so by Judge Cobb;

> 10.2 A hearing at this late date will require a consideration of seven years of postseparation transactions and difficult valuations;

> 10.3 Discovery is still pending, and neither party, as of the time of this hearing, is prepared to present a proposed property inventory as required either by the general statutes (50-21) or the local rules;

> 10.4 In the pre-trial discussions, both parties have raised the need for expert valuations of businesses and real estate, including a shopping center the mortgage which has been discharged by Husband since separation;

> 10.5 The decision of the wife to allow her attorney to dismiss her action rather than proceed to trial in April 1994 when it was calendared for trial.

The trial judge then concluded that due to these factors a change of circumstances had occurred which now permitted him to reconsider the earlier denial of defendant's motion to dismiss plaintiff's equitable distribution claim. Further, plaintiff had failed to preserve her right to equitable distribution of the marital property prior to the divorce and plaintiff could not rely upon defendant's original invalid request for equitable distribution asserted in his counterclaim. Also, the only requests of record for equitable distribution were fatally defective and plaintiff's reasserted claim filed one year after her voluntary dismissal was also fatally defective. In addition, plaintiff had previously been permitted to pursue her claim on equitable instead of legal grounds and the "ends of justice would no longer be served by denying" defendant's motion to dismiss plaintiff's claim for equitable distribution.

Plaintiff contends the trial judge erred in dismissing her claim for equitable distribution and in overruling her objection to defendant's voluntary dismissal of his counterclaim for equitable distribution. Defendant contends that the trial judge properly dismissed

ATKINSON v. ATKINSON

[132 N.C. App. 82 (1999)]

plaintiff's claim for equitable distribution and properly overruled her objection to defendant's motion to dismiss his claim for equitable distribution.

[1] In examining the record before us it reveals Judge Cobb reviewed the files in 90 CVD 1708 and in 92 CVD 2215 before concluding that defendant's motion to dismiss the equitable distribution claim should be denied. The trial court is required to review the pleadings in accordance with Rule 8 which provides in part:

(a) *Claims for relief.*—A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim shall contain

(1) A short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and

(2) A demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded . . . .

. . .

(e) *Pleading to be concise and direct; consistency.*—

(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

. . .

(f) *Construction of pleadings.*—All pleadings shall be so construed as to do substantial justice.

N.C. Gen. Stat. § 1A-1, Rule 8 (1990).

In his divorce complaint, 92 CVD 2215, the defendant clearly alleges a claim for equitable distribution of the marital property when he asserts that such a claim is pending. For what other reason would he include a reference to this matter in his complaint? The plaintiff answered and admitted the parties have a claim for equitable distribution of the marital property. Thus, it is apparent that when Judge Cobb considered all of the pleadings in these cases, he determined a claim had been made for equitable distribution of the marital prop-

ATKINSON v. ATKINSON

[132 N.C. App. 82 (1999)]

erty and that he was bound to construe the pleadings in accordance with Rule 8 so "as to do substantial justice."

The defendant appealed from the denial of his motion to dismiss his equitable distribution claim by Judge Cobb. This Court was presented with the issue of whether or not there remained existing claims between the parties in *Atkinson v. Atkinson*, 113 N.C. App. 201, 438 S.E.2d 759 (1993) (unpublished). Our Court found the appeal to be interlocutory as the denial of his motion was not a final determination of all claims. Therefore, this Court found there were other matters still to be adjudicated. The only matter left to be determined was the equitable distribution claim.

[2] In addition, we find defendant should be equitably estopped to deny existence of an equitable distribution claim. Similarly, in *Hunt v. Hunt*, 117 N.C. App. 280, 283-84, 450 S.E.2d 558, 561 (1994), the defendant asserted a counterclaim for equitable distribution of the marital property in which the plaintiff joined by her reply. Without objection, the trial court then preserved the issue of equitable distribution for further proceedings prior to its granting the divorce. *Id.* The defendant then moved for a voluntary dismissal of his counterclaim for equitable distribution. *Id.* This Court held that "the defendant was precluded, by principles of equitable estoppel, from defeating plaintiff's right to equitable distribution by submitting to a voluntary dismissal of his counterclaim." *Id.* Likewise, defendant's actions in alleging the existence of an equitable distribution claim now preclude him from denying the same.

[3] Also, it is well established that "no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge made in the same action." *Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987) (*quoting Calloway v. Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972)). In *Madry v. Madry*, 106 N.C. App. 34, 38, 415 S.E.2d 74, 77 (1992), this Court held that even though a subsequent trial judge may rehear an issue and enter a ruling if there has been a material change in the circumstances of the parties and the initial ruling was one which was addressed to the discretion of the trial judge, one district court judge may not overrule another judge as was attempted here. When the trial judge entered the order denying plaintiff's claim for equitable distribution and overruling her objection to the dismissal of defendant's

ATKINSON v. ATKINSON

[132 N.C. App. 82 (1999)]

counterclaim, he was reconsidering the same issue that had previously been decided in favor of plaintiff by Judge Cobb in 1993. The trial judge stated that the "intervening circumstances" enabled him to reconsider the order entered by Judge Cobb. However, we conclude these enumerated "intervening circumstances" were not material changes in circumstances permitting the trial judge to overrule Judge Cobb.

[4] Having determined that plaintiff has a valid equitable distribution claim pending pursuant to Judge Cobb's order, the plaintiff could take a voluntary dismissal under Rule 41(a)(1) and subsequently refile her action within one year, which she did in 95 CVD 985. Our Supreme Court has held under factually similar circumstances that if an equitable distribution claim is pending and not voluntarily dismissed under Rule 40(a)(1) until after a divorce is entered, a new action based on that claim may be filed within the one-year period as provided by the rule. *Stegall v. Stegall*, 336 N.C. 473, 479, 444 S.E.2d 177, 181 (1994). In *Stegall*, the plaintiff filed an action for divorce which included claims for alimony and equitable distribution. *Id.* at 474, 444 S.E.2d at 178. The defendant then filed an action for divorce which was granted. *Id.* Subsequently, the plaintiff dismissed her action and then refiled her equitable distribution claim within the one-year period permitted under Rule 41(a)(1). *Id.* The Court held that her claim survived and we likewise hold that plaintiff's equitable distribution claim survives in this case.

Finally, we note that in his order the trial judge set out the history of proceedings between these parties. This review by the trial judge reveals that both parties had been represented by multiple attorneys during the course of this litigation; however, the trial judge only noted that plaintiff's present counsel was her fourth attorney of record. We also note that from the time the original complaint was filed, five different district court judges have heard various matters in these cases. Furthermore, it would appear that the delays in concluding these proceedings can be attributed to both parties.

Therefore, the order of the trial judge is reversed and the case is remanded for further proceedings to effect an equitable distribution of the parties' marital property.

Reversed and remanded.

Judge SMITH concurs.

ATKINSON v. ATKINSON

[132 N.C. App. 82 (1999)]

Judge GREENE dissents.

Judge GREENE dissenting.

I accept the general premise that Judge Smith, who entered the order in dispute dismissing plaintiff's claim for equitable distribution (ED), could not overrule Judge Cobb's earlier order denying defendant's motion to dismiss plaintiff's ED claim. *See Madry v. Madry*, 106 N.C. App. 34, 37-38, 415 S.E.2d 74, 77 (1992). It appears the basis for both motions (*i.e.*, that plaintiff and defendant were not separated at the time the ED claim was filed and it therefore was premature) was the same. As noted by Judge Smith in his extensive order, however, Judge Cobb did not address the legal implications of defendant's motion to dismiss. Instead, Judge Cobb utilized equitable principles in denying the motion: "the Court being of the opinion that the ends of justice would best be served by the denial of the Defendant's motion to dismiss." Judge Smith, very much aware of his constraints in reevaluating the motion to dismiss, concluded that the "ends of justice would no longer be served by denying [defendant's] motion to dismiss," and set forth five separate reasons in support of this conclusion, which all are supported by the record. Accordingly, Judge Smith, finding material changes in circumstances since the entry of Judge Cobb's order, was justified in addressing the merits of the motion to dismiss. *Id.* (second judge may enter contradictory ruling from earlier ruling if there has been a material change in circumstances and the matter is one addressed to the discretion of the court). In addressing the merits of the motion to dismiss, Judge Smith concluded that plaintiff's ED claim was not asserted after the date of separation and before the entry of the divorce, thus making it invalid. I agree. N.C.G.S. § 50-21(a) (Supp. 1997) (ED claim can be filed at "any time after a husband and wife begin to live separate and apart"); *see also Howell v. Howell*, 321 N.C. 87, 361 S.E.2d 585 (1987) (valid ED claim must be filed before grant of divorce). There are findings to support this conclusion and those findings are supported in this record. Because plaintiff had no valid ED claim prior to the time she dismissed it, the refiling of that same claim is also invalid. Thus, *Stegall v. Stegall*, 336 N.C. 473, 444 S.E.2d 177 (1994), relied upon by the majority, is of no help to plaintiff.

I, therefore, would affirm the trial court.[1]

---

1. The majority, in reversing the trial court, relies in part on the argument that defendant asserted an ED claim in his divorce complaint and because he has never dismissed that claim, the ED claim remains properly before the trial court. I do not agree.

---

The divorce complaint simply acknowledged there were, at the time the divorce complaint was filed, pending ED claims filed by both plaintiff and defendant. This acknowledgment does not itself constitute an ED claim.

The majority also relies in part on equitable estoppel to prevent the dismissal of plaintiff's ED claim. I, however, do not believe equitable estoppel applies in this case. The *Hunt v. Hunt* case, 117 N.C. App. 280, 450 S.E.2d 558 (1994), relied upon by the majority, is distinguishable. In *Hunt*, the wife filed a reply joining in the husband's request in his counterclaim for an equitable distribution of their marital property. The *Hunt* trial court, in granting the parties a divorce, included language in the divorce judgment noting that a valid ED claim had been asserted in the counterclaim and that the ED claim would be preserved for further proceedings. This Court subsequently held that the husband, based on the facts in that case, was equitably estopped from defeating the wife's ED claim by taking a voluntary dismissal of his counterclaim. In this case, however, defendant asserted an ED claim in his counterclaim, but plaintiff did not join in that claim. Instead, her reply alleges "that defendant go without relief on his counterclaim." Furthermore, in this case, the divorce judgment only acknowledged that ED claims were pending. In any event, any party seeking to assert equitable estoppel is required to present themselves to the court with clean hands, *see Hinson v. Hinson*, 80 N.C. App. 561, 573, 343 S.E.2d 266, 273 (1986), and as acknowledged by the majority, plaintiff is partially to blame for the long delays and confusion in this case and thus is not entitled to assert equitable estoppel.