MARY ADKINS, PLAINTIFF-APPELLANT V. STANLY COUNTY BOARD OF EDUCATION; NELSON TALLY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MELVIN POOLE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MITCHELL EDWARDS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DAN McSWAIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND CHRISTOPHER WHITLEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, DEFENDANTS-APPELLEES

No. COA09-638

(Filed 4 May 2010)

**Civil Procedure— judge erroneously reconsidered legal conclusion of another judge—summary judgment—improperly granted**

The trial court erred by granting defendants' motion for summary judgment on plaintiff's § 1983 claims and state constitutional claim based on allegations that defendants declined to renew plaintiff's employment contract in retaliation for plaintiff having filed a complaint in 2000. Judge Spainhour ruled as a matter of law that plaintiff's claims survived defendant's motion to dismiss because plaintiff's 2000 complaint touched on a matter of public concern, and defendant's motion for summary judgment brought this same issue before Judge Beale. Judge Beale was without authority to disregard Judge Spainhour's judicial determination and grant summary judgment on the basis that the 2000 complaint did not relate to a matter of public concern.

Appeal by Plaintiff from order entered 9 January 2009 by Judge Michael E. Beale in Superior Court, Stanly County. Heard in the Court of Appeals 18 November 2009.

*Ferguson, Stein, Chambers, Gresham, & Sumter, P.A., by John W. Gresham, for Plaintiff-Appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jill R. Wilson and Elizabeth V. LaFollette, for Defendants-Appellees.*

*Patterson Harkavy LLP, by Burton Craige and Narendra K. Ghosh, for North Carolina Advocates for Justice; Katherine*

ADKINS v. STANLY CNTY. BD. OF EDUC.

[203 N.C. App. 642 (2010)]

*Lewis Parker, Legal Director, for ACLU of North Carolina; Thomas M. Stern for North Carolina Association of Educators; and J. Michael McGuinness for North Carolina Troopers Association, amici curiae.*

*Katherine J. Brooks, Staff Attorney, and Allison B. Schafer, General Counsel, for North Carolina School Boards Association, amicus curiae.*

McGEE, Judge.

Mary Adkins (Plaintiff) was employed as an Assistant Superintendent by the Stanly County Board of Education (the Board) in 2004, when the Board reviewed Plaintiff's employment contract and voted five to four not to renew her contract. Plaintiff filed a complaint on 3 May 2007, alleging two causes of action: one filed pursuant to "the provisions of Article I, §§ 1, 14, 18, and 19 of the Constitution of North Carolina;" and the second filed pursuant to "the First and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983." In her complaint, Plaintiff named as Defendants the Board and Board members Nelson Tally, Melvin Poole, Mitchell Edwards, Dan McSwain, and Christopher Whitley (the Board Members), each in his individual and official capacity.

Defendants filed an answer and a motion to dismiss for failure to state a claim upon which relief could be granted, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), on 30 July 2007. In an order filed 21 December 2007, Judge Erwin Spainhour denied Defendants' motion to dismiss as to: (1) Plaintiff's § 1983 claims against the Board and Board Members in their official capacity for injunctive relief, (2) Plaintiff's § 1983 claim for damages against the Board members in their individual capacity, and (3) Plaintiff's state constitutional claim against the Board Members in their official capacity. Judge Spainhour determined that these claims, in the present action before us, survived Defendants' motion to dismiss on the grounds that: (1) Plaintiff had filed a complaint in 2000 (the 2000 complaint) against Defendant Tally and the Board for allegedly violating certain statutory rights regarding her employment; (2) the 2000 complaint touched on a matter of public concern; and (3) therefore Plaintiff properly stated certain claims in this action under 42 U.S.C. § 1983, as well as the North Carolina Constitution, alleging that Defendants declined to renew her employment contract in retaliation for Plaintiff having filed the 2000 complaint. Judge Spainhour granted Defendants' motion to dismiss as

to Plaintiff's remaining state constitutional claim against the Board and the Board Members in their individual capacity.

Following discovery and mediation, Defendants filed a motion for summary judgment on 4 December 2008. Judge Michael Beale granted Defendants' motion for summary judgment in an order filed on 9 January 2009. Plaintiff appeals.

## Factual Background

The dispute addressed in Plaintiff's appeal originated in 2000, when Plaintiff and another Assistant Superintendent, Larry Wood (Wood), filed the 2000 complaint against Nelson Tally (Tally) and the Board. In 2000, recently-elected board members Tally and Melvin Poole (Poole) raised questions about the salaries being paid to Plaintiff and Wood. Tally voiced these questions to the local press and made what Plaintiff characterized as "defamatory statements concerning Plaintiff and Wood." These statements led to a reduction in the salaries of Plaintiff and Wood by the Board.

In their 2000 complaint, Plaintiff and Wood alleged claims against Tally for slander and libel and for violation of their statutory rights under N.C. Gen. Stat. §§ 115C-319, 321, and 325; and claims against the Board for breach of their employment contracts. Plaintiff and Wood resolved their claims with the Board and Tally in 2001, with their salaries restored, their contracts extended through 30 June 2004, and a confidential monetary settlement with Tally.

Plaintiff's contract again came before the Board for consideration in May 2004. The acting Superintendent of Schools recommended that the Board renew Plaintiff's contract; however, the Board voted five to four not to renew her contract. Wood had already retired and was not under consideration for contract renewal. Plaintiff filed this action against Defendants in 2007, alleging that the Board failed to renew her contract in retaliation for Plaintiff's having filed the 2000 complaint.

## Analysis

We review a trial court's order granting summary judgment *de novo*, viewing the evidence in the "light most favorable to the non-moving party[.]" *Carolina Bank v. Chatham Station, Inc.*, 186 N.C. App. 424, 428, 651 S.E.2d 386, 389 (2007) (citations omitted). We are to determine "whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a

matter of law." *Taylor v. Coats*, 180 N.C. App. 210, 212, 636 S.E.2d 581, 583 (2006).

Plaintiff first argues that Judge Beale erred by granting Defendants' motion for summary judgment. Specifically, Plaintiff contends that Judge Beale erred in finding that Plaintiff's 2000 complaint did not relate to a matter of public concern, because Judge Beale was "[w]ithout [a]uthority to [d]isregard [a] [p]rior [j]udicial [d]etermination" to the contrary.

Our Supreme Court has held

that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.

*State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003) (quoting *Calloway v. Ford Motor Company*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972)).

In *Madry v. Madry*, 106 N.C. App. 34, 415 S.E.2d 74 (1992), our Court addressed the question of one trial judge reconsidering an issue already decided by another trial judge in a case involving a procedural situation similar to the case before us. The plaintiff in *Madry* filed for divorce after the defendant was stricken by a cerebral hemorrhage causing "severe and permanent brain damage and partial paralysis." *Id.* at 35, 415 S.E.2d at 75. The defendant filed an answer and later moved to amend that answer to assert that the parties separated due to the defendant's "incurable insanity[,]" and that the divorce action must therefore be brought in accordance with N.C. Gen. Stat. § 50-5.1. *Id.*, 415 S.E.2d at 75-76. At the hearing on the motion to amend the defendant's answer, Judge James Fullwood "ruled that [the] defendant had failed to present evidence that she was 'incurably insane' and concluded that '[N.C.G.S. § 50-5.1] does not apply in [that] action.' " *Id.* at 36, 415 S.E.2d at 76.

The defendant in *Madry* later moved to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), arguing that, because the defendant was "incurably insane[,]" the plaintiff's divorce action must be brought in accordance with N.C.G.S. § 50-5.1. *Id.* At the hearing for the defendant's Rule 12(b)(6) motion, Judge Fred Morelock "converted [the] defendant's motion to one for summary judgment . . . [and] granted summary judgment in favor of [the] defendant

and dismissed [the] plaintiff's claim for relief pursuant to [N.C. Gen. Stat. §] 50-6 stating that '[N.C. Gen. Stat.] § 50-5.1 provides the exclusive remedy' " for the plaintiff under those circumstances. *Id.*

The plaintiff appealed Judge Morelock's order granting summary judgment in favor of the defendant, and our Court reversed. We discussed the case as follows:

> Despite the fact that Judge Morelock's order is denominated a summary judgment, the legal issue decided by that judgment, whether G.S. 50-5.1 bars this plaintiff's claim for absolute divorce pursuant to G.S. 50-6, was *precisely the same issue* decided to the contrary by Judge Fullwood's earlier order denying defendant's motion to amend. The materials and arguments considered by Judge Morelock were essentially the same arguments and materials considered by Judge Fullwood. Simply labeling the order a summary judgment did not change its essential character nor authorize Judge Morelock to overrule Judge Fullwood.
>
> [The d]efendant's motion to amend was a request addressed to the discretion of the trial judge. There were no changed circumstances however which would justify Judge Morelock's reconsideration of this issue. . . . It is obvious from the record that, in filing her 12(b)(6) motion, [the] defendant was simply attempting to again put before the court those contentions that Judge Fullwood had rejected.
>
> We hold that Judge Morelock committed reversible error in ruling that G.S. 50-5.1 is the exclusive remedy for this plaintiff when Judge Fullwood had previously ruled otherwise.

*Id.* at 38, 415 S.E.2d at 77 (citation omitted, emphasis added).

Our Courts have thus clearly held that one judge may not reconsider the legal conclusions of another judge. *Woolridge,* 357 N.C. at 549-50, 592 S.E.2d at 194. There is a limited exception to this rule for interlocutory orders addressed to the discretion of the trial court: "If the initial ruling is one which was addressed to the discretion of the trial judge, another trial judge may rehear an issue and enter a contradictory ruling if there has been a material change in the circumstances of the parties." *Madry,* 106 N.C. App. at 38, 415 S.E.2d at 77; *see also Calloway v. Ford Motor Company,* 281 N.C. 496, 502, 189 S.E.2d 484, 489 (1972) ("When a judge . . . rules as a matter of law, whether he allows or disallows the motion[,] [n]o discretion is

ADKINS v. STANLY CNTY. BD. OF EDUC.

[203 N.C. App. 642 (2010)]

involved and his ruling finally determines the rights of the parties unless it is reversed upon appeal.").

In *Madry*, the initial ruling at issue was addressed to the discretion of the trial judge. *Madry*, 106 N.C. App. at 38, 415 S.E.2d at 77. Therefore, our Court conducted an analysis of whether changed circumstances allowed the second judge to overrule the first. *Id.* However, in the case before us, Judge Spainhour's ruling that Plaintiff's 2000 complaint touched on a matter of public concern was not a ruling addressed to Judge Spainhour's discretion; rather, it was a ruling as a matter of law. Because Judge Spainhour ruled as a matter of law, "[n]o discretion [was] involved and his ruling finally determine[d] the rights of the parties" as to the issue of whether the 2000 complaint touched on a matter of public concern. *Calloway*, 281 N.C. at 502, 189 S.E.2d at 489. Judge Beale was therefore without authority to reconsider Judge Spainhour's determination.

Defendant contends that Judge Beale was not prohibited from granting summary judgment because "denial of a previous motion to dismiss made under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) . . . does not prevent the trial court from granting a subsequent motion for summary judgment." *Rhue v. Pace*, 165 N.C. App. 423, 426, 598 S.E.2d 662, 664-65 (2004). Our Court has held that "[w]hile one superior court judge may not overrule another, [a motion for summary judgment and a motion to dismiss pursuant to Rule 12(b)(6)] do not present the same [legal] question." *Barbour v. Little*, 37 N.C. App. 686, 692, 247 S.E.2d 252, 255 (1978). The trial court's standards for a Rule 12(b)(6) motion to dismiss and a motion for summary judgment are different and present separate legal questions. *See Wood v. Guilford County*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (noting that N.C.G.S. § 1A-1, Rule 12(b)(6) allows dismissal of a claim where: "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim"); N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009) (stating that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law"). However, comparing the two orders at issue before us in light of the legal context established by Judge Spainhour and applied by Judge Beale, we determine that Defendants' motion for summary judgment brought before Judge

Beale an issue already resolved by Judge Spainhour. Judge Beale was presented the opportunity to rule on the very same legal question as Judge Spainhour: whether Plaintiff's 2000 complaint touched on a matter of public concern.

We first compare the claims alleged in the complaint and how they were considered in each of the orders. The complaint contains the following pertinent language:

### FIRST CAUSE OF ACTION

29. The Actions of [Defendants] as set out herein violated Plaintiff's rights provided to her under the provisions of Article I, §§ 1, 14, 18, and 19 of the Constitution of North Carolina.

30. As a proximate result of Defendants' actions, Plaintiff has suffered monetary loss as well as loss of professional status and professional opportunity. She seeks damages in excess of $10,000.

### SECOND CAUSE OF ACTION

31. The actions of [Defendants] as set out herein violated Plaintiff's rights as set out in the First and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

32. As a proximate result of Defendants' actions, Plaintiff has suffered monetary loss as well as loss of professional status and professional opportunity. She seeks damages in excess of $10,000.

Judge Spainhour's order was structured as follows. The order begins with a determination that Plaintiff has stated two viable claims: (1) under 42 U.S.C. § 1983 based on a violation of rights protected by the First Amendment to the United States Constitution (the federal claim); and (2) a claim under the North Carolina Constitution of rights protected by Article I §§ 1, 14, 18, and 19 (the state claim). Judge Spainhour then made the following determination:

[This court] has reached this determination by applying the applicable standard of review to the Motion to Dismiss. In reviewing such a motion [this court] accepts this allegation contained in the complaint as true. The complaint states that Plaintiff served. as an assistant superintendent in the Stanly County School System and performed her duties in an exemplary manner when

**ADKINS v. STANLY CNTY. BD. OF EDUC.**

[203 N.C. App. 642 (2010)]

her employment was terminated in May of 2004. In 2000 Plaintiff and another assistant superintendent brought an action against [the Board and Tally] alleging as one of their three claims that [Tally] had violated their statutory rights. Specifically, [Tally] had obtained personnel documents of [Plaintiff and Woods] by virtue of his public position of trust as a member of the school Board and that Tally transmitted these documents without authorization to a newspaper reporter. The 2000 Complaint further alleged that documents which [Tally] provided were protected by the provisions of N.C.G.S. §§115C-319, 321 and 325 [sic]. The 2000 Complaint then alleged that "Defendant Tally's actions in discharging [sic] the documents were not authorized by the Board of Education or by any statutory provisions." *Thus, the 2000 [complaint] raised an issue of public concern, the disclosure to the media of statutorily protected information concerning Plaintiff by an elected Board member who is also a Defendant in this matter.* [This court] has determined that such a claim is of concern not only to the employees of the Stanly County School System, but also to the voters of Stanly County.

(Emphasis added.)

Judge Spainhour then summarized that "the facts before the [c]ourt are that Plaintiff filed a prior action raising issues of public concern, that she met all of the requirements for a new contract and that the Board, at the first opportunity after the settlement of her prior lawsuit, terminated her for no articulated reason." Next, Judge Spainhour stated that, following the requirements of *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276 (1992), Defendants were entitled to dismissal as to Plaintiff's state claim against the Board and her federal claim against the Board Members in their official capacity. Further, Judge Spainhour stated that, "[a]s to Plaintiff's state constitutional claim, she may pursue a damage claim against the Board members in their official capacity[,]" but not in their individual capacity. Thus, Judge Spainhour's order is clear that, apart from the capacities in which the Defendants were sued, the determination of whether the 2000 complaint touched on a matter of public concern was the dispositive question for determining whether Plaintiff's state and federal claims should survive Defendants' motion to dismiss.[1]

---

1. A claim under 42 U.S.C. § 1983 may arise upon "retaliation by a public official for the exercise of a constitutional right[.]" *Toomer v. Garrett*, 155 N.C. App. 462, 478, 574 S.E.2d 76, 89 (2002); 42 U.S.C. § 1983 (2009). Such retaliation may include the fir-

**ADKINS v. STANLY CNTY. BD. OF EDUC.**

[203 N.C. App. 642 (2010)]

In comparison, Judge Beale's order was structured as follows:

Reviewing the entire record, and considering the evidence in the light most favorable to Plaintiff, Plaintiff has brought forth no evidence that presents a genuine issue as to any material fact on the issue of whether her initial [complaint] in 2000 against [the Board and Tally] related to a matter of public concern. Applying the summary judgment standard, the record demonstrates that Plaintiff's initial [complaint], which was settled in her favor, *did not relate to a matter of political, social, or other concern to the community,* and said [complaint] was nothing more than [an] attempt to advance Plaintiff's career and protect her job and her personal reputation. The record further demonstrates that Plaintiff was not attempting to advance the rights of the general citizenry and that Plaintiff's initial [complaint] was not intended, nor did it raise, a public debate on the propriety of a public official releasing information in a personnel file.

. . .

Plaintiff contends that since her prior [complaint] involved allegations that an elected official violated a statute regarding divulging a personnel file, that this alone is sufficient. *This [c]ourt does not believe that this is the law under the First Amendment jurisprudence. As explained above, Plaintiff has failed to bring forth evidence of a genuine issue as to any material fact sufficient to satisfy the first element of a § 1983 First Amendment retaliation claim. Furthermore, North Carolina courts have adopted U.S. Supreme Court jurisprudence when applying North Carolina's constitutional free-speech clause.*

(Emphasis added). Comparing the claims alleged in the complaint with their treatment under each of the orders by Judge Spainhour and Judge Beale, it is apparent that a fundamental issue presented by Defendants' motions before Judges Spainhour and Beale was whether Plaintiff's 2000 complaint touched on a matter of public concern.

This direct comparison also reveals that Judge Beale's order is not merely the application of the different standard required by a motion for summary judgment; rather, Judge Beale's order operates to overrule Judge Spainhour's application and conclusion of law in

---

ing of a public employee after the exercise of protected speech, but our Court has noted that "a public employee's speech [must] touch on a matter of public concern to invoke the protection of the First Amendment." *Id.* at 479, 574 S.E.2d at 90.

Judge Spainhour's ruling on Defendants' N.C.G.S. § 1A-1, Rule 12(b)(6) motion. Judge Spainhour's order centers on his conclusion that "the 2000 [complaint] raised an issue of public concern, the disclosure to the media of statutorily protected information concerning Plaintiff by an elected Board member who is also a Defendant in this matter." Addressing this line of reasoning, Judge Beale wrote: "This [c]ourt does not believe that this is the law under the First Amendment jurisprudence." Thus, Judge Beale's order was not merely an order granting summary judgment applying a different standard of review as would be appropriate under *Rhue*; rather, Judge Beale's order overruled Judge Spainhour's ruling. Pursuant to *Woolridge* and *Madry*, Judge Beale was without authority to "modify, overrule, or change" Judge Spainhour's conclusion that Plaintiff's 2000 complaint addressed a matter of public concern. *Woolridge*, 357 N.C. at 549, 592 S.E.2d at 194 (quoting *Calloway*, 281 N.C. at 501, 189 S.E.2d at 488).

In *Woolridge*, our Supreme Court addressed a circumstance where one trial judge reconsidered another trial judge's order granting a motion to suppress. *Id.* at 548, 592 S.E.2d at 193. Our Court had ruled that the second trial judge committed no error, and the defendant petitioned the Supreme Court for discretionary review. *Id.* at 549, 592 S.E.2d at 194. The Supreme Court granted review to "determine whether [the second judge] erred in reconsidering [the first judge's] decision to grant [the] defendant's motion to suppress the heroin." *Id.* Holding that the second trial judge was without authority to do so, the Supreme Court wrote the following:

> In sum, we conclude that [the first trial judge's] order suppressing the heroin was not subject to reconsideration. Litigants and superior court judges must remain mindful that "[t]he power of one judge of the superior court is equal to and coordinate with that of another[.]"

*Woolridge*, 357 N.C. at 551, 592 S.E.2d at 195 (citations omitted). The Supreme Court then vacated the second judge's suppression order, as well as the judgments and verdicts against the defendant, and reversed the decision of our Court with instructions to remand to the trial court for further proceedings. *Id.*

We now apply the principles articulated in *Woolridge* and *Madry* to the case before us. Judge Beale's order begins with his assertion that the very conclusion made by Judge Spainhour "is not the law under the First Amendment Jurisprudence." Judge Beale then

reaches a determination contrary to Judge Spainhour, namely, whether the 2000 complaint touched on a matter of public concern. Then, Judge Beale determined that, based on his determination that the 2000 complaint *did not* touch on a matter of public concern, Plaintiff's federal claim and her state claim must fail. Judge Beale then granted Defendants' motion for summary judgment as to all of Plaintiff's claims. It is clear that Judge Beale's order granted summary judgment in favor of Defendants as to both Plaintiff's federal and state claims because of his conclusion regarding the 2000 complaint. We must vacate Judge Beale's order and we do not address the substantive questions which follow from Judge Beale's overruling of Judge Spainhour's order. *Id.*

Because we vacate Judge Beale's order granting summary judgment, that order is a nullity and is "void and of no effect." *Friend-Novorska v. Novorska*, 143 N.C. App. 387, 393, 545 S.E.2d 788, 793, *aff'd per curiam*, 354 N.C. 564, 556 S.E.2d 294 (2001). Neither party has appealed from Judge Spainhour's ruling on Defendants' motion to dismiss. We note that, because Judge Spainhour's order dismissed some, but not all, of Plaintiff's claims, thereby leaving some issues for trial, that order was an interlocutory order from which there is generally no right of appeal. *Pratt v. Staton*, 147 N.C. App. 771, 773, 556 S.E.2d 621, 623 (2001) ("An order . . . granting a motion to dismiss certain claims in an action, while leaving other claims in the action to go forward, is plainly an interlocutory order."). Because neither party has properly appealed, assigned error to, or briefed Judge Spainhour's ruling on Defendants' motion to dismiss, there is nothing before us to address with respect to that order. By vacating Judge Beale's order, we have addressed the order from which appeal was taken. We therefore remand to the trial court for further proceedings.

Vacated and remanded.

Judges STEELMAN and STEPHENS concur.