STROUD, Judge.
 

 Plaintiff Charlene Perhealth Standridge ("Wife") appeals from the trial court's equitable distribution order. Wife argues that the trial court erroneously concluded that it could not consider for equitable distribution funds defendant James Edward Standridge ("Husband") had deposited into his personal account and farm account but later withdrew. Because no claim for equitable distribution was filed after the parties' date of separation, the trial court did not have subject matter jurisdiction to enter the equitable distribution order, so we do not reach this issue on appeal and instead must vacate the order.
 

 Background
 

 Husband and Wife were married on 26 November 1992. On 15 April 2015, Wife filed her complaint for divorce from bed and board and equitable distribution of the marital property. On 15 June 2015, Husband filed a motion to dismiss, answer, and counterclaims for divorce from bed and board and equitable distribution.
 

 A pretrial order was entered on 14 April 2016 and the parties stipulated to several facts, including their date of separation, 12 September 2015. On 21 January 2017, following a hearing, the trial court entered an equitable distribution order. In the order, the trial court found as fact that "although this action was filed on April 15, 2015, the final date of separation of the parties for purposes of this trial and of this Order is by stipulation of the parties September 12, 2015." Wife timely appealed to this Court.
 

 Subject Matter Jurisdiction
 

 Neither party raised a question of jurisdiction on appeal, but where the record shows subject matter jurisdiction does not exist, this Court should address it
 
 ex mero motu
 
 :
 

 The question of subject matter jurisdiction may be raised at any time, even in the Supreme Court. When the record clearly shows that subject matter jurisdiction is lacking, the Court will take notice and dismiss the action
 
 ex mero motu
 
 . Every court necessarily has the inherent judicial
 power to inquire into, hear and determine questions of its own jurisdiction, whether of law or fact, the decision of which is necessary to determine the questions of its jurisdiction.
 

 Lemmerman v. A.T. Williams Oil Co.
 
 ,
 
 318 N.C. 577
 
 , 580,
 
 350 S.E.2d 83
 
 , 85-86 (1986) (citations omitted).
 
 See also
 

 Carpenter v. Carpenter
 
 ,
 
 245 N.C. App. 1
 
 , 8,
 
 781 S.E.2d 828
 
 , 835 (2016) ("It is well settled that the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court
 
 sua sponte
 
 ." (Citation and quotation marks omitted) ). In addition, if a court does not have subject matter jurisdiction over a claim, the parties cannot confer jurisdiction on the court by their agreement to have the court rule on their case.
 
 See
 

 State v. Fisher
 
 ,
 
 270 N.C. 315
 
 , 318,
 
 154 S.E.2d 333
 
 , 336 (1967) ("It is well established law that the parties cannot, by consent, give a court jurisdiction over
 
 subject matter
 
 of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver or estoppel.").
 

 Under the North Carolina General Statutes, a party may assert a claim for
 equitable distribution only after the parties have separated:
 

 (a)
 
 At any time after a husband and wife begin to live separate and apart from each other
 
 , a claim for equitable distribution may be filed and adjudicated, either as a separate civil action, or together with any other action brought pursuant to Chapter 50 of the General Statutes, or as a motion in the cause as provided by G.S. 50-11(e) or (f).
 

 N.C. Gen. Stat. § 50-21
 
 (a) (2017) (emphasis added). Where a claim for equitable distribution is filed prior to the date of separation, the trial court does not have subject matter jurisdiction over the claim.
 
 See
 

 Atkinson v. Atkinson
 
 ,
 
 132 N.C. App. 82
 
 ,
 
 510 S.E.2d 178
 
 (J. Greene, dissenting),
 
 reversed for the reasons stated in the dissent
 
 ,
 
 350 N.C. 590
 
 ,
 
 516 S.E.2d 381
 
 (1999) (per curiam).
 
 [1]
 
 The timing of the pleadings created
 the same jurisdictional defect in
 
 Miller v. Miller
 
 , --- N.C. App. ----, ----,
 
 799 S.E.2d 890
 
 , 893 (2017), where the wife filed a complaint for divorce from bed and board and equitable distribution while the parties were still living together, and the husband filed an answer which also alleged "the parties were 'not living separate and apart.' "
 
 Id
 
 . at ----,
 
 799 S.E.2d at 893
 
 . The parties did not begin living separate and apart until months after the filing of the complaint and answer.
 
 Id
 
 . at ----,
 
 799 S.E.2d at 893
 
 . While the trial court had no jurisdiction to enter an equitable distribution order based upon the initial pleadings, the final outcome in
 
 Miller
 
 was different because the jurisdictional defect was addressed at the trial court level and ultimately the equitable distribution claim was preserved.
 
 Id
 
 . at ----,
 
 799 S.E.2d at 899
 
 .
 

 This Court has found subject matter jurisdiction where an original request for equitable distribution was filed prior to the parties' actual date of separation, but a party later filed a counterclaim requesting equitable distribution after the date of separation.
 
 See
 

 Gurganus v. Gurganus
 
 , --- N.C. App. ----, ----,
 
 796 S.E.2d 811
 
 , 815 ("Concerning the required separation of the parties as a prerequisite for jurisdiction to adjudicate an equitable distribution claim, there is no indication in the record that the parties were separated at the time plaintiff filed her complaint. The record does show, however, that the parties separated on or about 22 March 2001, before defendant filed his answer and counterclaim. ... Therefore, regardless of whether the parties were separated at the time plaintiff filed the complaint, the record is clear that the parties were separated by the time defendant asserted his claim for equitable distribution. Therefore the trial court did have subject matter jurisdiction to equitably distribute the marital property."),
 
 disc. rev. denied
 
 ,
 
 369 N.C. 753
 
 ,
 
 799 S.E.2d 621
 
 (2017).
 

 But the present case differs from
 
 Gurganus
 
 because both claims for equitable distribution here occurred prior to the date of separation. Wife filed her complaint on 15 April 2015 requesting a divorce from bed and board from Husband. In her complaint, Wife noted that the parties
 

 were married on November 26, 1992 in Richmond County, North Carolina, and lived together as husband and wife until sometime in 2004, and since that time, although they have continued to live under the same roof, they have
 been living in a constant state of separation from each other, and have at no time since 2004 resumed the marital relationship which formerly existed between them.
 

 Wife's 15 April 2015 complaint requested an equitable distribution of the marital property of the parties. Husband filed his motion,
 answer, and counterclaim-including a claim for equitable distribution-on 15 June 2015. Husband alleged that the parties "are not separated and continue to reside with one another in the same house as a married couple." Wife filed her reply to the Husband's counterclaim on or about 14 July 2015 and admitted "that the parties continue to live in the same house[.]" The parties stipulated in the pretrial order that their date of separation was 12 September 2015-roughly five months after Wife's complaint was filed and three months after Husband's counterclaim. Thus, while both parties raised a claim for equitable distribution, both raised it
 
 prior
 
 to the date of separation.
 

 No claim for equitable distribution was made after the date of separation, so the trial court did not have subject matter jurisdiction over equitable distribution of the marital property. We must vacate the trial court's order.
 

 Conclusion
 

 For reasons stated above, we vacate the trial court's order on equitable distribution.
 

 VACATED.
 

 Judges HUNTER and TYSON concur.
 

 Judge Greene's dissent, which the Supreme Court adopted as its majority, stated: "I accept the general premise that Judge Smith, who entered the order in dispute dismissing plaintiff's claim for equitable distribution (ED), could not overrule Judge Cobb's earlier order denying defendant's motion to dismiss plaintiff's ED claim. It appears the basis for both motions (
 
 i.e.
 
 , that plaintiff and defendant were not separated at the time the ED claim was filed and it therefore was premature) was the same. ... In addressing the merits of the motion to dismiss, Judge Smith concluded that plaintiff's ED claim was not asserted after the date of separation and before the entry of the divorce, thus making it invalid. I agree. There are findings to support this conclusion and those findings are supported in this record. Because plaintiff had no valid ED claim prior to the time she dismissed it, the refiling of that same claim is also invalid."
 
 Atkinson
 
 ,
 
 132 N.C. App. at 90
 
 ,
 
 510 S.E.2d at 182
 
 (J. Greene, dissenting) (citations omitted).